MARION S. MINK et al., Respondents, *v.* HENRY KEIM et al., Appellants, et al., Defendants.

First Department, May 21, 1943.

*Arthur K. Wing* of counsel (*Baier & Chamberlin*, attorneys), for appellants.

*Nathan A. Markowitz* of counsel (*Julius Reinlieb* with him on the brief; *Reinlieb, Markowitz & Hecht*, attorneys), for respondents.

MARTIN, P. J.   The plaintiffs on June 30, 1938, were guests of and riding in an automobile owned and operated by defendant Orel.   While proceeding on Highway No. 52 between Jeffersonville and Kenoza Lake, New York, the Orel car came into collision with the car owned by defendants Keim and operated by defendant Henry Keim.   The present action is the sixth arising out of that collision.   The five prior actions were consolidated and the trial of the consolidated action in Sullivan County resulted in a money judgment in favor of the Keims against Orel and a dismissal on the merits of the actions of all of the present plaintiffs against the Keims.

The defendants Keim have set up the judgment in the consolidated action as a defense to the present action.   In the reply thereto, plaintiffs have incorporated that judgment which contains the recital:   " and there being no appearance upon the trial on the part of Helen Lefkowitz, plaintiff in

Action No. 3, or upon the part of Marion Sanders Mink and Herman Mink, plaintiffs in Action No. 4, or on the part of Abraham Altschuler, plaintiff in Action No. 5.''

It is alleged by plaintiffs in their reply that the issue of negligence as between them and the defendants has never been tried and that in the Sullivan County action the issue tried was solely negligence as between the Keims and Orel.

Opposing the motion of the defendants Keim for judgment on the pleadings herein, the plaintiffs argue that the recital in the Sullivan County judgment that dismissal of their complaints was upon the merits, does not estop the prosecution of the present action. A judgment improperly reciting that the dismissal is on the merits may be corrected by motion or by appeal. (*Caruso* v. *Metropolitan Five to Fifty Cent Store,* 214 App. Div. 328.) In fact, the plaintiffs moved to strike from the Sullivan County judgment the words '' upon the merits '' and to have that judgment recite that the dismissals were without prejudice. That motion was denied. On appeal the order denying the motion was affirmed. The Appellate Division in the Third Department in a memorandum decision recited at length the history and development of the litigation leading to the judgment in the consolidated action and pointed out that proof had been offered on behalf of the Keims, and said: '' The order of consolidation merged all issues into a single action (*Hull* v. *Shannon,* 139 Misc. 564), and judgments in such consolidated actions were final judgments in favor of Henry Keim and Marie Keim, duly rendered in accordance with section 494-a of the Civil Practice Act.'' (*Keim* v. *Orel,* 263 App. Div. 779.)

In *Hirshbach* v. *Ketchum* (79 App. Div. 561) Judge PATTERSON writing for the court pointed out that in *St. John* v. *West* 4 How. Pr. 329) it was said: '' * * * the word ' merits,' as a legal term, has acquired no precise technical meaning and admits of some latitude of interpretation, but it is to be regarded as referring to the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself and from all matters which depend upon the discretion or favor of the court. That definition has been approved by the General Term of the Supreme Court in *Tallman* v. *Hinman* (10 How. Pr. 90), by the General Term of the Court of Common Pleas in *Tracy* v. *New York Steam Faucet Co.* (1 E. D. Smith, 357), and by the General Term of the Superior Court in *Megrath* v. *Van Wyck* (3 Sandf. 751).''

The reply herein indicates that on the trial of the Sullivan County action the Keims offered proof as to the negligence of Orel as well as of the amount of their damages.

One of the material issues, if not the most material, in the consolidated action was the negligence of the Keims. Before the Keims could recover, they had to establish their freedom from negligence. They did so to the satisfaction of the trial court and the judgment determined that the driver of the car in which the plaintiffs were riding was negligent and that the driver of the Keim car was free from negligence. In the circumstances, the judgment properly recited the disposition on the merits.

In *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14) it was said: " Behind the phrase *res judicata* lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and 'had full opportunity to litigate the issue of its responsibility.' (See *Liberty Mutual Ins. Co.* v. *Colon & Co.,* 260 N. Y. 305, 312.) Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues."

In *Tax Lien Co.* v. *Schultze* (213 N. Y. 9, at p. 12) it was said: " It is a general rule that a judgment is conclusive between the parties and their privies upon all matters embraced within the issues in the action which were or might have been litigated * * *. The rule applies as well to a judgment by default when the facts stated warrant the relief sought as to one rendered after contest. (*Goebel* v. *Iffla,* 111 N. Y. 170.) "

The issue of the negligence of the Keims was in reality the primary issue in the consolidated action tried in Sullivan County. The present plaintiffs were parties to that action and they may not now be heard to say that they have had no opportunity to litigate that issue.

The provisions of section 494-a of the Civil Practice Act would indeed be meaningless if these plaintiffs having once abandoned their cause of action could now compel the moving

defendants who had been held free from negligence to relitigate the claims.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion of the defendants Keim for judgment on the pleadings dismissing the complaint as to them granted.

UNTERMYER, J. (concurring in result only). I do not agree that the judgment against Orel in the action tried in Sullivan County is binding on the plaintiffs in this action.

However, from the record which the plaintiffs have incorporated in their reply, it does not appear whether the dismissal of their complaint occurred at the opening of the trial on account of the failure of the plaintiffs to appear or whether it occurred at the conclusion of the trial after the defendants had offered evidence. Accordingly, it is impossible to determine from the allegations of the reply whether the action in Sullivan County resulted in a nonsuit of the plaintiffs, in which event the judgment would not be upon the merits, or a judgment on the merits after the defendants had offered proof in denial of the allegations of the complaint. Under these circumstances, the recital in the judgment that the complaint was dismissed upon the merits must be presumed to be correct.

For that reason the reply is insufficient and the order should, accordingly, be reversed and the complaint dismissed.

TOWNLEY, DORE and COHN, JJ., concur with MARTIN, P. J.; UNTERMYER, J., concurs in result, with opinion.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.