324 F.2d 483
 Kenneth Frederick ALDER, in behalf of himself and other underwriters at Lloyd's and British Companies, Subscribing Certificate LAB 2014, Appellant,
v.
Damacio GARCIA, Longanita Garcia, Deere & Company, a Delaware corporation, and John Deere Company of Kansas City, a Missouri corporation, Appellees.
 No. 7319.
 United States Court of Appeals Tenth Circuit.
 November 18, 1963.
 
 Lewis R. Sutin, Albuquerque, N. M. (J. L. Leftow, Albuquerque, N. M., was with him on the brief), for appellant.
 James T. Paulantis, Albuquerque, N. M. (B. G. Johnson, Albuquerque, N. M., was with him on the brief), for appellees.
 Before LEWIS, HILL and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 This is an action brought by Kenneth Alder for himself and other underwriters at Lloyd's against Damacio Garcia and wife, John Deere Company of Kansas City, and Deere & Company to recover on an assignment to Lloyd's of one-half of the proceeds of any settlement or judgment recovered by Garcia from Deere & Company. The appeal is only as to Damacio Garcia and Deere & Company, and is taken by the plaintiff-appellant from the action of the trial court in denying plaintiff's motion for summary judgment, in granting Garcia's motion for summary judgment, and in granting Deere & Company's motion to dismiss for improper venue.
 
 
 2
 This suit grew out of injuries sustained by Garcia while moving a hay elevator owned by and located on a farm of Valley Gold Dairies. The machine was manufactured by Deere & Company. Lloyd's, appellant here, was the insurer of Valley Gold Dairies. Garcia sued Valley Gold in the Valencia County, New Mexico, court, and the matter was settled by payment by Lloyd's to Garcia of $40,000.00 for a release of Valley Gold Dairies, a joint tort-feasor release, and for an assignment by Garcia to Lloyd's of one-half of any recovery or settlement not to exceed $80,000.00, which Garcia might obtain in a future action from Deere & Company. A suit was filed thereafter by Garcia against Deere & Company, in which Garcia was assisted by the attorneys of Lloyd's who defended the original action brought by Garcia against Valley Gold Dairies. Deere & Company learned of the assignment by Garcia to Lloyd's taken in the original suit, and it then settled with Garcia by payment to him of $40,000.00 and by agreeing to indemnify and defend him against any suit by Lloyd's on its assignment from Garcia. Lloyd's did bring such suit against Garcia and Deere & Company to enforce the assignment, and this is the case at bar.
 
 
 3
 The trial court found that the assignment by Garcia to Lloyd's was void and unenforceable as contrary to the laws and public policy of New Mexico. It also found that Deere & Company was not doing business nor authorized to do business in New Mexico nor was it incorporated in that state.
 
 
 4
 It is urged that the assignment by Garcia to Lloyd's of one-half of any future recovery against Deere & Company[1] is contrary to policy expressed by the New Mexico Contribution Among Joint Tort Feasors Act, §§ 24-1-11 to 24-1-18, N.M.Stat.Ann. (1953). This is a uniform act on the subject, and provides that the right of indemnity and contribution exists among joint tort-feasors. The purpose of the statute is to provide for a proportionate allocation of the burden among tort-feasors who are liable. 9 Uniform Laws Ann. 230; Annot., 34 A.L.R.2d 1107.
 
 
 5
 As mentioned, the appellant, in addition to this assignment and at the same time, took a joint tort-feasors release of its insured which it states was executed under § 24-1-15, N.M.Stat.Ann. (1953). This release provided in part that the Garcias agreed to "reduce to the extent of the pro rata share of the Releasee as tort feasor, the Releasors' damages recoverable against all other tort feasors as provided by the Uniform Joint Tort Feasors Act of New Mexico, it being intended by this release to absolve the Releasee of any further liability of any nature which might grow out of any other action by Releasors against any other person, firm or corporation alleged to be a joint tort feasor of the Releasee." The statute provides that such a release of one tort-feasor does not discharge other tort-feasors. Thus Garcia's action against Deere & Company was preserved. The statute also provides in § 24-1-15 as to contribution as follows:
 
 
 6
 "A release by the injured person of one [1] joint tortfeasor does not relieve him from liability to make contribution to another joint tortfeasor unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued, and provides for a reduction, to the extent of the pro rata share of the released tortfeasor, of the injured person's damages recoverable against all the other tortfeasors."
 
 
 7
 The combination of the assignment with the joint tort-feasor release would permit Lloyd's to recover from Deere & Company by way of indirect contribution although Lloyd's settled in a way as to preserve Garcia's right of action against Deere & Company. The statute also provides in § 24-1-12(3): "A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement." If the settlement had extinguished the liability of Deere & Company to Garcia, appellant could have sued Deere & Company for direct contribution; however, the settlement did not have such consequences. O'Keefe v. Baltimore Transit Co., 201 Md. 345, 94 A.2d 26; Annot., 34 A.L.R.2d 1101. The express agreement was instead made that Lloyd's would assist in the action by Garcia against Deere & Company and obtain one-half of any recovery or settlement there obtained by him.
 
 
 8
 Appellant urges that Deere & Company is primarily liable to Garcia anyway; however, the matter of primary liability and indemnity was not adjudicated in the other related suits, and it has not been litigated in this action. Appellant could have commenced a suit to determine who was primarily liable, but did not do so nor did anyone else. Allied Mutual Casualty Corp. v. General Motors Corp., 279 F.2d 455 (10th Cir.). The problems of burden of proof in such a suit perhaps account for such inaction. In any event, appellant secured an interest in Garcia's claim against Deere & Company by the assignment, and if it were to be permitted to secure relief here, the result would be to recoup to the extent of one-half of the settlement. This payment to appellant would of course come from its joint tort-feasor and appellant would thereby have benefited in a manner contrary to the public policy of the state as expressed in the New Mexico Contribution Among Joint Tortfeasors Act.
 
 
 9
 The second point of appellant relates to venue. The trial court granted the motion of Deere & Company to dismiss because of improper venue. Appellant in his brief states that he has abandoned any contention that Deere & Company can be sued in New Mexico under 28 U.S.C. § 1391(c). Instead appellant contends that the company has made a general appearance by defending Garcia under its indemnity agreement with him. Appellant relies on Ocean Accident & Guarantee Corp. v. Felgemaker, 143 F. 2d 950 (6th Cir.), where under the particular circumstances an insurance company was held to have made a general appearance by conducting the defense. However, this case has not been generally followed. Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546. The appellee in undertaking the defense of Garcia in this action did not make a general appearance for itself. The objection to venue in New Mexico was timely raised and properly disposed of by the trial court.
 
 
 10
 The parties have raised several other points which have been considered but which need not be discussed separately.
 
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 "DAMACIO GARCIA and RICARTE GALLEGOS, called Assignors, heretofore received from UNDERWRITERS AT LLOYDS AND BRITISH COMPANIES, Subscribing Certificate LAB 2014, called Assignees, $40,000.00 and $3,000.00, respectively, in compromise and settlement of their claim against Valley Gold Dairies, Inc., in causes Nos. 8234 and 8235 in the District Court of Valencia County, New Mexico
 "Assignors are desirous of filing suit and intend to file suit against John Deere Plow Company, the manufacturer of the hay elevator machine, and also Crist Implement Company, the dealer and distributor of said machine, for their injuries and damages on the ground that the manufacturer and the dealer and distributor are primarily liable. These Assignors desire the aid, evidence, law and cooperation of J. L. Leftow and Lewis R. Sutin, attorneys for Assignees, who spent much time and effort in this connection, and Assignees have consented that their attorneys give their aid, evidence, law and cooperation to Assignors.
 "THEREFORE, in consideration of $1.00 and other good and valuable consideration receipt whereof is hereby acknowledged by Assignors,
 I.
 "Assignors hereby assign and transfer to Assignees a sum equal to one-half (½) of any settlement, or judgment, recovered by Assignors against John Deere Plow Company and/or Crist Implement Company, not to exceed any settlement, or judgment, of DAMACIO GARCIA in the sum of $80,000.00, and of RICARTE GALLEGOS in the sum of $6,000.00.
 II.
 "Assignees will not participate in any part of the amounts recovered in excess of $80,000.00 recovered by DAMACIO GARCIA, or $6,000.00 recovered by RICARTE GALLEGOS. In other words, the maximum amount assigned by Assignors to Assignees is $40,000.00 for DAMACIO GARCIA and $3,000.00 for RICARTE GALLEGOS."