460 So.2d 1004 (1984)
Nick Arthur JONES, Appellant,
v.
WILLIAMS STEEL INDUSTRIES, INC., Appellee.
No. 83-1677.
District Court of Appeal of Florida, Fifth District.
December 20, 1984.
*1005 George E. Hovis, Clermont, for appellant.
Richard H. Langley, Clermont, for appellee.
COWART, Judge.
This case involves a subrogation action by one co-judgment debtor, who paid a joint judgment in full, against the other co-judgment debtor.
Bob Wade Ford, Inc., entered into a construction agreement with appellee, Williams Steel (formerly Konsler Steel) whereby appellee agreed to provide plans and specifications and labor and materials to erect a steel building and to relocate another one. Bob Wade Ford took plans and specifications prepared by appellee to appellant Jones, a registered architect, and paid appellant to review, approve and to sign and affix his architectural seal to the plans and specifications. During construction certain defects and errors were discovered in the plans and specifications. Bob Wade Ford did not pay a balance due appellee on the construction contract and when appellee filed an action to foreclose a mechanic's lien, Bob Wade Ford joined appellant Jones as a party and counterclaimed and obtained a judgment for $12,314.28 against appellee and appellant for damages resulting from the defective plans and specifications. Appellee paid and satisfied the Bob Wade Ford judgment in 1977.
In 1982 appellee filed a complaint against appellant for contribution. After that complaint was dismissed on the basis of the statute of limitations (apparently section 768.31(4)(c), Fla. Stat.) appellee filed an amended three count complaint alleging theories of subrogation, equitable assignment and contribution. The trial court entered judgment finding that appellee was entitled to "contribution" from appellant for one-half of the amount appellee paid to satisfy the Bob Wade Ford judgment plus interest and costs.
*1006 On this appeal appellant claims that the Bob Wade Ford judgment was recovered either on the theory of negligence, in which case the one year statute of limitations as to contribution among joint tortfeasors (§ 768.31(4)(c), Fla. Stat.) barred appellee's recovery, or on the theory of breach of contract, in which case a four year statute of limitations (§ 95.11(3), Fla. Stat.) barred appellee's recovery.
North v. Albee, 155 Fla. 515, 20 So.2d 682, 157 A.L.R. 490 (1945), relied on by the trial judge, holds that where a judgment is against several co-debtors who are each jointly and severally and primarily liable thereon, the payment of the judgment by one co-debtor constitutes an equitable assignment of the judgment to the paying debtor; the paying debtor's cause of action against the other debtors for their proportionate share is, in effect, an enforcement of the assigned judgment and the applicable statute of limitations is not that applicable to the cause of action against the joint debtors that resulted in the judgment but the statute of limitations applicable to the enforcement of the judgment, which is twenty years under section 95.11(1), Florida Statutes.[1]
Appellant argues that North is not applicable because North relates to subrogation and the trial judge in this case entered judgment expressly on the theory of contribution, and recovery on that theory is barred by the one year statute of limitations in section 768.31(4)(c), Florida Statutes.[2] Contribution and subrogation are distinctively different and if the reference in the judgment was to the cause of action known as contribution that reference was erroneous because the judgment was correctly entered on the theory of subrogation.[3] A trial judge may be correct even though his reasoning is wrong and when so, he should be affirmed. Subrogation is the restitutionary equitable action "implied in law" in favor of one whose money is used to discharge the obligation of another under circumstances where, in good conscience, the plaintiff ought to be subrogated to the rights of the obligee against the obligor.
Appellant further argues that trial court erred in ruling that the Bob Wade Ford judgment was res judicata as to the issue of apportionment between appellant and appellee. Appellant is probably correct[4] because there was no issue framed *1007 by cross-claim between appellee, who was the plaintiff in the mechanic's lien action, and the appellant, Jones, who was named as a codefendant by the defendant Bob Wade Ford in a "third party counterclaim". In the mechanic's lien foreclosure the defendant Bob Wade Ford joined appellant Jones as a defendant but not because appellant Jones was or might have been liable to Bob Wade Ford for all or part of the claim of Williams Steel against Bob Wade Ford. Therefore under proper third party practice (Florida Rules of Civil Procedure 1.180(a)),[5] appellant does not appear to have been properly joined as a third party defendant in the mechanic's lien foreclosure case in which Bob Wade Ford on counterclaim recovered the joint judgment against appellant and appellee.[6] However that action became the law of that case and it is not now possible to ascertain on what theory appellant and appellee were held jointly and severally liable on the counterclaim of Bob Wade Ford in the mechanic's lien case and, therefore, appellant has not demonstrated, and there is no basis for our finding, that the trial judge in this case (who, incidentally, was the same trial judge in the mechanic's lien action) erred in finding that the liability of appellant and appellee, as joint debtors, was equal.
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, J., concurs in part, dissents in part, with opinion.
DAUKSCH, Judge, concurring in part; dissenting in part:
I would affirm the essentials of the judgment on appeal but would require an evidentiary hearing to apportion the amount between Jones and Williams.
NOTES
[1] An alternative theory is that subrogation, being an equitable cause of action, is not barred by statutes of limitation applicable to actions at law but only by laches. However, see section 95.11(6), Florida Statutes.
[2] North was written before Florida, in 1975, adopted the Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes. North did not relate to joint tortfeasors. Therefore the principle in North is not applicable to the matters covered by the statute.
[3] See Annot., "Right of One Co-Judgment Debtor Who Pays Judgment to be Subrogated Thereto as Against the Other Co-Judgment Debtors", 157 A.L.R. 495 (1945); 12 Fla.Jur.2d Contribution, Indemnity and Subrogation, § 26 (1979). "Contribution and subrogation, although they stand upon the same broad principle of natural justice, are separate and distinct things; contribution is not derived from, or dependent upon, subrogation, notwithstanding in a given case both rights may be sustained and the latter may be available to enforce the former. Subrogation, where available, gives the party paying the common obligation all the rights and remedies of the obligee and accordingly it is said that in equity it is a broader right which may include the right to contribution. On the other hand, a right to contribution may exist in cases where the principle of subrogation is not applicable." (emphasis supplied) 157 A.L.R. at 496, citing 13 Am.Jur. 6, Contribution, § 2. See also Meckler v. Weiss, 80 So.2d 608, 609 (Fla. 1955).
[4] See Annot., "Judgment in Action Against Codefendants for Injury or Death of Person, or for Damage to Property as Res Judicata in Subsequent Action Between Codefendants as to Their Liability Inter Se," 24 A.L.R.3d 318, 323-324:

[S]uch a prior judgment is not conclusive in the subsequent action unless the codefendants occupied adversary positions in the prior action and actually litigated therein the issue of their liability inter se as well as the issue of their liability to the injured party. The reasoning underlying such rules is that in the absence of a statute or rule requiring a defendant to cross-claim against his codefendant, and in the absence of such a cross-claim, the judgment in the prior action merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the codefendants as between themselves. ... (emphasis supplied)
[5] See McGillicuddy, Third-Party Practice in Florida, 17 U.Fla.L.Rev. 94 (1965). A change in rule 1.180 to be effective January 1, 1985, illustrates the problem in this. Appellant was not a proper third party defendant under the present rule but would be under the amendment because the claim of Bob Wade Ford against appellant Jones, being for damages resulting from defective plans approved by appellant Jones, did arise out of the transaction or occurrence that was the subject matter of the action by Williams Steel against Bob Wade Ford, that is, the construction of the building that cost more because of the defective plans.
[6] Appellant Jones' liability to Bob Wade Ford was contractual and appellee Williams Steel's liability to Bob Wade Ford was likewise contractual. However the liability of each was based on distinctly different contracts; hence their liability was diverse and several, not joint. This error in the Bob Wade judgment, while beyond correction, is the basis for much of the confusion in this case. Because the legal, theoretical, relationship, if any, between the parties to this appeal was not clearly alleged in the "notice" type pleading in the Bob Wade counterclaim, the theoretical basis for the resulting joint judgment is likewise unclear. That basis, if clear and correct, would have provided a clear basis for a proper resolution of this subrogation action between the joint co-debtors.