483 So.2d 770 (1986)
FLORIDA PATIENT's COMPENSATION FUND, Appellant,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Foreign Corporation, Robert B. Ward, M.D., and Gold, Vann and White, P.A., D/B/a Doctor's Clinic, Appellees.
No. 84-2471.
District Court of Appeal of Florida, Fourth District.
February 7, 1986.
Rehearing Denied March 17, 1986.
Samuel R. Neel, III, of Perkins & Collins, Tallahassee, for appellant.
Richard V. Neill and Richard V. Neill, Jr., of Neill, Griffin, Jeffries & Lloyd, Chartered, Fort Pierce, for appellees.
PER CURIAM.
The question on this appeal is whether the trial court erred by dismissing, with prejudice, a complaint for contribution because the Florida Patient's Compensation Fund had failed to satisfy the criteria of section 768.31(4)(d)(2), Florida Statutes (1985). We affirm.
The events preceding this appeal are not complicated. Florida Patient's Compensation Fund, along with Physician's Protective Trust Fund, insured Cox, a physician who was one of several defendants in a medical malpractice action. In September of 1983, both entities entered into a settlement on behalf of their insured, Cox, with the plaintiff whereby the liability of all defendants sued by the plaintiff was extinguished. Under the agreement, the plaintiff would receive one million dollars. Physicians Protective Trust Fund paid plaintiff $100,000 and Florida Patient's Compensation Fund (the Fund) agreed to pay $900,000. The agreement to pay $900,000 was evidenced by a promissory note. The terms of the note provide generally that the Fund will make payments as the money became available.
Subsequently, both entities filed suit against the other defendants, seeking contribution on the basis that the amount they paid in settlement was in excess of their insured's pro rata share. The defendants filed various motions, one of which was a motion to dismiss. It asserted that the Fund, in seeking contribution, failed to *771 comply with section 768.31(4)(d)(2), Florida Statutes (1985). This section requires a party who has satisfied a claim during the pendency of an action to both (1) fully pay the claim and (2) commence an action for contribution within one year after the agreement was made. The trial court found that the promissory note did not constitute payment and, therefore, granted the dismissal with prejudice as to the Fund; Physician's Protective Trust Fund, which had actually paid its portion of the settlement, was granted leave to amend.
Section 768.31(4)(d)(2) provides as follows:
If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has . ..:
Agreed, while action is pending against him to discharge the common liability and has within 1 year after the agreement paid the liability and commenced his action for contribution.
The Fund's main argument, in seeking to overturn the dismissal is that by giving the promissory note, it satisfied the statutory requirement that it pay the amount due within one year. While the language of the statute might permit this interpretation, the Commissioner's Comment to section 3(d) of the Model Act (which is word-for-word identical to Florida's version) forecloses such a construction. The comment states:
Clause (2) applies to settlements of the entire liability while action is pending and before judgment. The provision is so worded as to prevent the long delay in the assertion of a contribution claim resulting from installment payments made while the action is kept alive. Under both clauses the party seeking contribution must discharge the obligation by actual payment within the prescribed time or lose his right to contribution. [emphasis supplied.]
Commissioner's Comment to Subsection 3(d) of the Uniform Contribution Among Tortfeasors Act (1955 Revised Act), Uniform Laws Annotated, Vol. 12, Masters Edition at 90 (1975).
It is reasonable to assume that the Legislature, in adopting the Uniform Contribution Among Tortfeasors Act, section 768.31, Florida Statutes (1985), knew of the commissioner's comment. Cf. State v. Aiuppa, 298 So.2d 391, 394 (Fla. 1974) (If a Florida statute is patterned after a statute of a sister state, it is amenable to the same construction that its prototype has been given in the sister state.). Indeed, the statute expressly commands that "[t]his act shall be interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it." § 768.31(6), Fla. Stat. (1985); see also Valentine v. Hayes, 102 Fla. 157, 135 So. 538 (1931); In re Estate of Swanson, 397 So.2d 465 (Fla. 2d DCA 1981). We conclude, therefore, that section 768.31(4)(d)(2) must be construed to implement the plain intent of the drafters which, by the act's enactment, was ratified by the Florida Legislature. Accordingly, we hold that the issuance of a promissory note does not constitute payment within the meaning of the statute and, thus, the trial court was correct in granting the dismissal with prejudice.
We are mindful of the beneficial purposes served by the Fund, see Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815 (Fla. 1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984), and recognize that our decision will impede the Fund's ability to obtain contribution from co-tortfeasors. Nonetheless, we believe that the creation of an exemption or a resolution by other means, must be left to the Legislature.
Accordingly, the order on appeal is
AFFIRMED.
DOWNEY and HURLEY, JJ., and RIVKIND, LEONARD, Associate Judge, concur.