PER CURIAM.
Following our earlier decision in this matter reported in Alonzo Cothron, Inc. v. Upper Keys Marine Construction, Inc., 480 So.2d 136 (Fla. 3d DCA 1985), the matter recurred in the trial court. Counsel for Upper Keys agreed that judgment should be entered in accordance with the mandate of this court for Alonzo Cothron, Inc. He then sought to supplement his original answer by pleading the insolvency of Upper Keys’ insurance carrier in order to urge as a defense section 631.54(3), Fla.Stat. (1985). The trial court denied such and we affirm.
After the original trial proceeding, the Upper Keys’ carrier became insolvent. This was brought to this court’s attention in the earlier proceedings[1] when the insolvency of the insured’s carrier was urged as a bar to Cothron’s claim. The matter was briefed and thereafter the court rendered its prior opinion, in effect finding that insolvency of the defendant’s insurance carrier would have no effect on the plaintiff’s contract claim. This became the law of the case. See Greene v. Massey, 384 So.2d 24, 27 (Fla.1980); Nichols v. Tarsches, 429 So.2d 409, 412 (Fla. 3d DCA), petition for rev. denied, 440 So.2d 353 (Fla.1983); Goodman v. Olsen, 365 So.2d 393, 396 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 74 (Fla.1979); Alford v. Summerlin, 423 So.2d 482, 485 (Fla. 1st DCA 1982).
Therefore, the order under review is affirmed.
Affirmed.

. We can take judicial notice of our own records in prior cases. Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467, 469 (Fla.1976); Kelley v. Kelley, 75 So.2d 191, 193-94 (Fla.1954); Tower Credit Corp. v. State, 183 So.2d 255, 256 (Fla. 4th DCA 1966).