526 So.2d 116 (1988)
CLEARY BROTHERS CONSTRUCTION CO., Appellant,
v.
UPPER KEYS MARINE CONSTRUCTION, INC., Appellee.
No. 87-446.
District Court of Appeal of Florida, Third District.
April 12, 1988.
Rehearing Denied June 23, 1988.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and William M. Douberley, Miami, for appellant.
Walton, Lantaff, Schroeder & Carson and Holly C. Kelly, Miami, for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
HENDRY, Judge.
In accordance with our earlier opinions in this matter, where the insolvency of the indemnitor's insurer was not found to bar indemnitee's claim under a contract between the parties providing for indemnification, Alonzo Cothron, Inc. v. Upper Keys Marine Construction, Inc., 480 So.2d 136 (Fla. 3d DCA 1985) and Upper Keys Marine Construction, Inc. v. Alonzo Cothron, Inc., 507 So.2d 1135 (Fla. 3d DCA 1987), we reverse the trial court's order granting summary judgment and entering final judgment in favor of Upper Keys Marine Construction, Inc.
Mistakenly treating appellant's indemnity claims as subroation claims, the court granted summary judgment in favor of Upper Keys, basing its conclusions upon section 631.54(3), Florida Statutes (1979), which prohibits subrogation actions by one insurer against the insured of another insolvent insurer. Although similar in nature, in that the parties involved are seeking reimbursement for monies paid which should have been paid by another, subrogation and indemnity are distinctly different concepts.
In Allstate Insurance Co. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), this court distinguished subrogation from indemnity where the question was whether an insurer's claim was barred by the statute of limitations. The insurer characterized the action as a "subrogated claim for indemnity," necessitating this court's clarification of the "true distinction" between these concepts:
In principle, there is a clear distinction between subrogation rights and indemnification rights. Subrogation is designed to afford relief when one is required to pay a legal obligation which ought to be met, either wholly or partially, by another. Subrogation rights place a party ... in the legal position of one who has been paid money because of the acts of a third party. Thus, the subrogee "stands in the shoes" of the subrogor and is entitled to all of the rights of its subrogor, but also suffers all of the liabilities to which the subrogor would be subject. In subrogation, *117 the subrogee, now in the same posture as the plaintiff/subrogor, acquires all rights as against the defendant/wrongdoer and is thus able to bring an action against that party to recover the monies paid.
Indemnity, on the other hand, shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the cost because it was the latter's wrongdoing for which the former is held liable. Indemnification rights derive from the relationship between a party like the appellant and the party causing the injury. Given the requisite relationship, and assuming that the party seeking indemnification was not at all responsible for the injury, the injuring party becomes liable to the payor.
Allstate, 436 So.2d at 978 (citations omitted).
These differences are further defined with the recognition that the right to subrogation does not arise until the entire obligation is satisfied by the subrogee. No rights of subrogation arise from a partial satisfaction of an obligation. Munson & Associates, Inc. v. Doctors Mercy Hosp., 458 So.2d 789 (Fla. 5th DCA 1984); Florida Farm Bureau Ins. Co. v. Martin, 377 So.2d 827 (Fla. 1st DCA 1979); DeCespedes v. Prudence Mut. Casualty Co. of Chicago, Ill., 193 So.2d 224 (Fla. 3d DCA 1966), cert. denied, 202 So.2d 561 (Fla. 1967).
Where there is a claim for indemnity, no such limitation exists. A party is permitted to pay a portion of an injured party's damages and still seek indemnity from another for the payment made. That is the situation in the present case, as it was in the prior Cothron appeals, 480 So.2d 136; 507 So.2d 1135, where both Cleary Brothers and Cothron paid partial settlements to the decedent's personal representative, and each pursued separate actions against the active and contractually liable tortfeasor, Upper Keys. Accordingly, the final summary judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.