535 So.2d 335 (1988)
FLORIDA PATIENT'S COMPENSATION FUND, Appellant,
v.
ST. PAUL FIRE and MARINE INSURANCE COMPANY, et al., Appellees.
No. 87-0791.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
Rehearing Denied January 20, 1989.
*336 Samuel R. Neel, III, Tallahassee, for appellant.
Richard V. Neill and Richard V. Neill, Jr. of Neill Griffin Jeffries & Lloyd, Fort Pierce, for appellees.
PER CURIAM.
This controversy stems from a malpractice claim involving an unnecessary surgical operation performed because of a faulty pathologist's report. The pathologist's insurer, Florida Patient's Compensation Fund, settled the case prior to trial and then filed suit against the surgeon/codefendant for contribution. However, the trial court dismissed it because of the Patient's Compensation Fund's failure to comply with section 768.31(4)(d)(2), Florida Statutes (1985) and we upheld that ruling in Florida Patient's Compensation Fund v. St. Paul Fire and Marine Insurance Company, 483 So.2d 770 (Fla. 4th DCA), pet. for rev. denied, 494 So.2d 1150 (Fla. 1986).
During the pendency of the above decided appeal, the Patient's Compensation Fund filed a second law suit[1] against the same defendants, setting forth, on this second occasion, claims for contribution, subrogation and equitable assignment. Once again, the trial court dismissed the action, this time upon the doctrine of res judicata. That ruling is now before us. We affirm.
In addition to the four standard criteria necessary to implement the doctrine of res judicata, [see Virginia-Carolina Chemical Co. v. Fisher, 58 Fla. 377, 50 So. 504 (1909)], it is also required that the original claim be disposed of on the merits. Kent v. Sutker, 40 So.2d 145 (Fla. 1949). The parties do not cite any authority defining the term "merits," and whether a previous action has been adjudicated upon the merits for purposes of res judicata is not always as easy to discern as it might appear. *337 For example, the dismissal of an action for failure to comply with a court order to pay money into the registry of the court was held to be an adjudication on the merits which barred the institution of a subsequent suit on the same cause of action. Hinchee v. Fisher, 93 So.2d 351 (Fla. 1957). Furthermore, in Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926), the plaintiff in an action to specifically enforce an agreement to sell real estate was deemed barred by res judicata because she had previously suffered a default judgment in a suit brought against her by the landowners to quiet the title against her claim. On the other hand, dismissal of a suit for failure to prosecute under Florida Rule of Civil Procedure 1.420(e) did not preclude the re-filing of an identical suit. Gibbs v. Trudeau, 283 So.2d 889 (Fla. 1st DCA 1973).
In the prior action here, the trial court dismissed the complaint because the Patient's Compensation Fund failed to comply with the statutory requirement of payment within one year. Although it has been argued that this was but a technical, procedural result, it established once and for all that the claim was without any basis, because of failure to comply with the statutory requirements to support a contribution action. Therefore, the prior action was not limited to a mere question of procedure and this court determined there was no valid claim for contribution. That determination certainly adjudicated the legal rights of the parties. Mink v. Keim, 266 A.D. 184, 41 N.Y.S.2d 769 (1943). Consequently, we believe the ruling was tantamount to final disposition of the contribution issue and that the doctrine of res judicata is appropriate in the case at bar.
There remains for discussion the question of whether a suit predicated on contribution would bar a subsequent suit, between the same parties, involving the same circumstances, based on either subrogation, equitable assignment or both.
Under the common law, subject to certain exceptions not considered applicable here, "one of two joint tort-feasors cannot have contribution from the other." Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45, 49 (Fla. 1st DCA 1963) (citing Seaboard Air Line Railroad v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932)). Subsequently, the Florida statute on contribution among tort-feasors section 768.31, Florida Statutes (1975) was enacted. This legislation was in derogation of the common law and it permitted contribution on a pro rata basis. As we have already discussed, although the Patient's Compensation Fund was entitled, as an insurer, to seek contribution under section 768.31(2)(e), Florida Statutes (1975), it was denied that statutory contribution because of a violation of the statute's payment provision. As a joint tort-feasor, the pathologist has no common law right to contribution.
The same holds true as far as subrogation and indemnity are concerned. As the Winn-Dixie case also noted: "the general rule of the common law is that there is no right to indemnity as between joint tort-feasors." Similarly, a joint tort-feasor's insurer, under this rule, cannot have subrogation. 8 Appleman, Insurance Law and Practice § 4943 (1981). There are technical differences between indemnity and subrogation, but the bottom line is the same in the instant case. As explained by Lord Justice Bower, "subrogation is itself only the particular application of the principle of indemnity to a special subject matter." See Marasinghe, Doctrine of Subrogation, 10 Valparaiso U.L.Rev. 276, 293 (1976). Moreover, it is black letter law that a subrogee enjoys no greater rights than does its subrogor. Atlantic Coast Line Railroad v. Campbell, 104 Fla. 274, 139 So. 886 (1932). The subrogee, in the case at bar, is the Patient's Compensation Fund. Here, the Patient's Compensation Fund was attempting to assert a right of contribution via the vehicle of subrogation instead of its statutory right as an insurer. However, because the pathologist's right to contribution was lost, by reason of the violation of the statute's payment provision, section 768.31(4)(d)(2), the Patient's Compensation Fund, as subrogee to the pathologist's right to statutory contribution, would have no contribution right to subrogate. The Patient's Compensation Fund has no *338 greater right than that of the tortfeasor. From all of this, we conclude that the Patient's Compensation Fund has no right of subrogation in the case sub judice.
We must admit that the foregoing analysis, for better or for worse, is largely not to be found in the submitted briefs or in the record. Were we reversing this cause, we might be subject to criticism for applying a theory not addressed. However, since the result remains the same, the trial judge was right for the wrong reason. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
Passing next to the question of equitable assignment, we content ourselves by reiterating that personal injury and malpractice claims are not assignable. Washington v. Fireman's Fund Ins. Co., 459 So.2d 1148 (Fla. 4th DCA 1984).
Finally, one cannot revisit the same transaction or occurrence, already adjudicated between the same parties, by resort to a new legal theory in a separate lawsuit. To do so, is an impermissible splitting of causes of action. Quality Type and Graphics v. Guetzloe, 513 So.2d 1110 (Fla. 5th DCA 1987). See also Dober v. Worrell, 401 So.2d 1322 (Fla. 1981).
We conclude that the second cause of action is barred. Notwithstanding our firm belief in the correctness of this opinion, we recognize that both the Fifth District, in Jones v. Williams Steel Industries, Inc., 460 So.2d 1004 (Fla. 5th DCA 1984), rev. denied, 467 So.2d 1000 (Fla. 1985) and the Third District, [see Clearly Brothers Construction Co. v. Upper Keys Marine Construction, Inc., 526 So.2d 116 (Fla. 3d DCA 1988)] might possibly be in conflict.
AFFIRMED.
DOWNEY, LETTS and WALDEN, JJ., concur.
NOTES
[1] By then, it had paid off the offending promissory note which had resulted in the original suit's dismissal.