559 So.2d 195 (1990)
FLORIDA PATIENT'S COMPENSATION FUND, Petitioner,
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, et al., Respondents.
No. 73761.
Supreme Court of Florida.
February 8, 1990.
Rehearing Denied May 1, 1990.
*196 Samuel R. Neel, III of Panza, Maurer, Maynard, Platow & Neel, Tallahassee, for petitioner.
Richard V. Neill and Richard V. Neill, Jr. of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for respondents.
OVERTON, Justice.
We have for review Florida Patient's Compensation Fund v. St. Paul Fire and Marine Insurance Co., 535 So.2d 335 (Fla. 4th DCA 1988). In that decision, the Fourth District Court of Appeal held that the Florida Patient's Compensation Fund (the Fund) was barred from maintaining against St. Paul Fire and Marine Insurance Company (St. Paul) a second action for contribution as well as claims of equitable subrogation and equitable assignment, all of which arose out of the same incident. The district court expressly stated that its holding might possibly conflict with Cleary Brothers Construction Co. v. Upper Keys Marine Construction, Inc., 526 So.2d 116 (Fla. 3d DCA), review denied, 534 So.2d 402 (Fla. 1988), and Jones v. Williams Steel Industries, Inc., 460 So.2d 1004 (Fla. 5th DCA 1984), review denied, 467 So.2d 1000 (Fla. 1985). We conclude there is conflict on the face of the opinions, which must be harmonized. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we approve the decision of the district court.
A chronological history is necessary to understand the claims and issues in this proceeding. Dr. Cox, a pathologist, was insured by the Fund and Physicians Protective Trust Fund, while Dr. Ward, a surgeon, and his employer, Gold, Vann & White, P.A., were insured by St. Paul. In September, 1982, a patient and his wife instituted a malpractice action against these parties, alleging that Dr. Cox erred in preparing a pathologist's report which led to the performance of an unnecessary operation by Dr. Ward.
In September, 1983, the Fund and Physicians Protective Trust Fund entered into a settlement with the patient and his wife for $1,000,000, releasing all parties from further liability. By the terms of the settlement, the Fund gave the patient and his wife a promissory note for $900,000, and Physicians Protective Trust Fund paid them $100,000.
In November, 1983, the Fund initiated an action against St. Paul, Dr. Ward, and Gold, Vann & White, P.A., alleging that, since the amount it paid in settlement exceeded Dr. Cox's pro rata share of liability, it was entitled to contribution. The trial court dismissed with prejudice this cause of action, holding that the Fund had failed to comply with section 768.31(4)(d), Florida Statutes (1985),[1] authorizing contribution between joint tortfeasors. The trial judge concluded that the portion of the settlement given by the Fund did not constitute payment under section 768.31(4)(d) because it was not paid in cash. The Fourth District Court of Appeal affirmed, holding that section 768.31(4)(d)(2) "requires a party who has satisfied a claim during the pendency of an action to both (1) fully pay the claim and (2) commence an action for contribution within one year after the agreement was made." Florida Patient's Compensation Fund v. St. Paul Fire & Marine *197 Ins. Co., 483 So.2d 770, 771 (Fla. 4th DCA), review denied, 494 So.2d 1150 (Fla. 1986). The district court concluded that "the issuance of a promissory note does not constitute payment within the meaning of the statute and, thus, the trial court was correct in granting dismissal with prejudice." Id.[2]
In early March of 1985, while the appeal was pending, the Fund paid the note. In April, 1985, the Fund instituted another action for contribution, asserting that it had complied with section 768.31(4)(d) by paying the patient and his wife cash. The Fund also alleged that it became subrogated to their rights against St. Paul and that, as a result of its settlement, it had obtained an equitable assignment against St. Paul. The trial court dismissed the action on the doctrine of res judicata.
On appeal, the district court held that the prior action was a final disposition of the contribution issue and that the trial judge properly applied the doctrine of res judicata. Florida Patient's Compensation Fund v. St. Paul Fire & Marine Ins. Co., 535 So.2d 335 (Fla. 4th DCA 1988). The district court determined that the Fund "was attempting to assert a right of contribution via the vehicle of subrogation," id. at 337, and concluded that there was no right to subrogation between joint tortfeasors. The district court also denied the claim for equitable assignment, holding that "personal injury and malpractice claims are not assignable." Id. at 338 (citation omitted).
In its petition to this Court, the Fund first claims that the district court erroneously found that the circumstances were the same and argues that it is entitled to proceed on its contribution claim because the circumstances in the second proceeding were different since payment in cash had been made. We disagree, find the district court's analysis to be correct, and conclude that our decision in Hinchee v. Fisher, 93 So.2d 351 (Fla. 1957), controls.
Second, relying on Cleary Brothers; West American Insurance Co. v. Yellow Cab Co., 495 So.2d 204 (Fla. 5th DCA 1986), review denied, 504 So.2d 769 (Fla. 1987); and Jones, the Fund contends that it can bring an action for equitable subrogation against St. Paul even if the remedies of contribution and indemnity are not available. While Jones might appear to provide language supporting this position, we find it to be neither controlling nor applicable. Jones was a contract action, which involved neither a tort claim nor a claim for contribution. Further, the district court stated that one of the parties in the second action had not been properly joined in the first action, rendering the doctrine of res judicata inapplicable. Cleary Brothers also has language that could be interpreted to support the Fund's position. That case also did not involve a tort action. Cleary Brothers concerned a contract indemnification claim, which is totally distinguishable from the personal injury claim in the instant case. In West American Insurance Co., a passenger in an automobile was injured when the automobile collided with a taxicab. The passenger instituted a suit against the taxicab company and West American Insurance Company, the insurer of the automobile occupied by the passenger. West American Insurance Company settled that suit and then brought an action for contribution against the taxicab company. In the action for contribution, the jury found that the settlement was reasonable and that the taxicab company was one hundred percent responsible for the accident. Because the jury had determined that the taxicab company was solely responsible, the district court held that the parties were not joint tortfeasors and, consequently, that West American Insurance Company was not entitled to contribution. The court did recognize that a subrogation claim would be proper. That decision is clearly not controlling since the parties in this case are considered joint tortfeasors.
In this state, a joint tortfeasor has no right to contribution except that provided by statute, and an insurer cannot have a greater right than the insured through the remedy of subrogation. Section 768.31(2)(e), Florida Statutes (1985), provides *198 that a liability insurer, upon discharge of its insured, is subrogated to the insured's right of contribution. In this instance, the insurer failed to comply with the requirements of the contribution statute. To permit the insurer to bring an action for subrogation in these circumstances would effectively eliminate the need for a contribution statute. Our holding is fully consistent with the following commentary in 16 Couch on Insurance 2d § 61-138 (rev. ed. 1983):
An insurer paying a judgment against the insured and another joint tortfeasor is not entitled to be subrogated to the rights of the insured against the other tortfeasor when there is no right of contribution between the tortfeasors.
Where the right to contribution is not recognized as between joint tortfeasors, it necessarily follows that the surety of one tortfeasor does not acquire by subrogation any right to obtain contribution from the other tortfeasor.
(Footnotes omitted.)
Petitioner argues that Kala Investments, Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA), review denied, 551 So.2d 460 (Fla. 1989); McKenzie Tank Lines, Inc. v. Empire Gas Corp., 538 So.2d 482 (Fla. 1st DCA), review denied, 544 So.2d 200 (Fla. 1989); and West American Insurance Co. suggest that subrogation may be available when contribution is unavailable. These cases are distinguishable because none of them involved joint tortfeasors. We note that the Fund's complaint asserted that the original malpractice action alleged that the insured parties were joint tortfeasors. There are no allegations or contentions in these proceedings that the parties were not joint tortfeasors.
For the reasons expressed, we approve the district court's decision.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Section 768.31(4)(d), Florida Statutes (1985), provides, in pertinent part:

(d) If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has ...
....
2. Agreed, while action is pending against him, to discharge the common liability and has within 1 year after the agreement paid the liability and commenced his action for contribution.
[2] Physicians Protective Trust Fund is not a party in this proceeding.