## ROBARTS v ST. JOSEPH'S HOSPITAL, INC.

### Case No. 88-9826

Thirteenth Judicial Circuit, Hillsborough County

July 25, 1990

### APPEARANCES OF COUNSEL

**Mac A. Greco, Jr., Esquire** and **Barry S. Caskey, Esquire,** for plaintiff.

**T. Paine Kelly, Jr., Esquire,** Macfarlane, Ferguson, Allison & Kelly, for defendant.

### OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

*ORDER GRANTING MOTION TO DISMISS AMENDED*
*COMPLAINT CLAIM FOR CONTRIBUTION*

THIS CAUSE is before the Court for determination of a motion to dismiss a claim for statutory contribution filed by the plaintiff against one of three alleged joint tortfeasors based on an assignment given to

plaintiff by the two other alleged tortfeasors, as part of a settlement of a medical malpractice action.

The plaintiff, EDNA H. ROBARTS, as Personal Representative of the Estate of Gene F. Robarts, deceased, filed a medical malpractice suit against Joseph F. Diaco, M.D., Bernard M. Hochberg, M.D., and St. Joseph's Hospital, Inc. As the trial date approached, plaintiff and Doctors Diaco and Hochberg entered into a written agreement entitled, "Settlement Stipulation and Assignment of Contribution Claim", the relevant parts of which state the following:

"(a) For and in consideration of the sum of $250,000.00, Edna H. Robarts, as Personal Representative of the Estate of Gene F. Robarts, deceased, does hereby acquit, release and forever discharge Joseph F. Diaco, Bernard M. Hochberg and St. Joseph's Hospital, Inc., and their employees, parent corporation, stockholders, officers and directors, heirs, personal representatives, successors, assigns and insurance carriers from any and all claims, demands, debts, damages, costs, attorney fees and expenses, actions and causes of action or suits of any kind or nature whatsoever, whether arising in law or in equity which she may have had, may now have, or may later have against them, by reason of any matter, cause, happening or thing occurring prior to, and up to and including the date of this release.

(b) Joseph F. Diaco and Bernard M. Hochberg, hereby assign and transfer to Edna H. Robarts, Personal Representative of the Estate of Gene F. Robarts, deceased, any and all rights or claims that exist in their favor in contribution under Section 768.31, Florida Statutes, and/or in indemnity against St. Joseph's Hospital, Inc., its agents, employees, officers and directors, or entities, who may be jointly and severally liable in tort for the injury and/or damages to the estate and heirs of Gene F. Robarts, arising out of that incident or incidents, which are the subject matter of a lawsuit filed in the Circuit Court of Hillsborough County, Florida, by Edna H. Robarts, Personal Representative of the Estate of Gene F. Robarts against Joseph F. Diaco, Bernard M. Hochberg and St. Joseph's Hospital, Inc., bearing Case No. 88-9826, Division "B"."

After consummating the settlement, plaintiff filed an "Amended Complaint Claim for Contribution" against St. Joseph's Hospital, Inc., seeking contribution for which the doctors might be entitled pursuant to the "Settlement Stipulation and Assignment of Contribution Claim", which is attached to and incorporated in the amended complaint by reference. The amended complaint alleges, that the settlement paid for the total value of plaintiff's claim was fair and reasonable.

146

St. Joseph's Hospital, Inc., by its motion to dismiss, has raised the issue of the legal efficiency of an assignment to a claimant of a joint tortfeasor's right to contribution under Section 768.31, Florida Statutes.

St. Joseph's argues that the subject matter of the contribution claim arises from a tort, which is generally not assignable, 4 Fla.Jur. 2d, Assignments, § 9; that a claim existing solely by virtue of a statute cannot be assigned absent a statutory provision authorizing or creating a right of assignment and no such right exists under section 768.31, Florida Statutes; that any recovery by plaintiff by virtue of the assignment would be in excess of full compensation, unjust enrichment and, therefore, unconscionable; and, that the attempted assignment extinguished any right to contribution.

The plaintiff counters, that there is no prohibition against an assignment of a joint tortfeasor's right to contribution to a claimant and by analogy cites the validity of an assignment to a plaintiff of an insured's bad-faith claim against his insurer. *Higgs v Industrial Fire & Cas. Co.,* 501 So.2d 644 (Fla. 3d DCA 1986). Plaintiff argues, that in the absence of any statutory provision declaring a particular chose in action to be assignable or nonassignable, the general test of assignability is whether the chose will survive, 6 Am. Jur. 2d Assignments, § 30, and that the contribution right in question survives as an asset and is thus assignable.

The court has not been presented with and cannot discover any authority directly in point and therefore concludes, that the issue is without controlling precedent.

The question of whether an assignment of a tortfeasor's right to contribution under section 768.31, Florida Statutes (1975) is an assignment of a chose in action for a tort is problematical. While the underlying claim, medical malpractice, is for a tort, the right to contribution exists solely by virtue of a statute. Accordingly, it could be argued that the assignment pertains to a statutory right to equitable apportionment among tortfeasors of the damages paid or payable to a claimant, not the tort claim, which would be assignable if no impediment otherwise exists. However, the Supreme Court of Florida has affirmed a decision of the Fourth District Court of Appeal, denying a claim for equitable assignment of a right to contribution arising out of a settlement of a medical malpractice action, reasoning that personal injury and malpractice claims are not assignable. *Florida Patient's Compensation Fund v St. Paul Fire and Marine Insurance Co.,* 535 So.2d 335 (Fla. 4th DCA 1988), *Aff'd.* 559 So.2d 195 (Fla. 1990).

Section 768.31(2)(b), Florida Statutes (2975), states, in pertinent part:

(2) Right to Contribution. —

(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is

limited to the amount paid by him in excess of his pro rata share.

(3) Pro rata shares. —

(c) Principles of equity applicable to contribution generally shall apply.

(5) Release or covenant not to sue. — When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

It is obvious that the intent of this legislation is to provide for equitable distribution of the monetary obligation of multiple tortfeasors to the claimant in accordance with their relative degrees of fault. The abuse the statute is designed to obviate is the inequity of one tortfeasor having the entire burden for a tort for which he or she is not solely responsible, which previously existed under the common law rule, prohibiting contribution among joint tortfeasors. 12 Fla. Jur. 2d, Contribution, Etc. § 6

Statutes in derogation of the common law are to be construed strictly. Under this rule, legislation creating a liability where no liability existed at common law, should be construed most favorable to the person or entity subjected to the liability, and against the claimant for damages. 73 Am. Jur. 2d, Statutes, § 287.

To give effect to the assignment received by the plaintiff in this case would require an interpretation of section 768.31, Florida Statutes, clearly not intended. The plaintiff, having admittedly received full value for her claim, would have the opportunity to recover a windfall by virtue of a statute intended to provide equity among tortfeasors. Such an interpretation would thereby benefit plaintiff in a manner contrary to the public policy of the state, as expressed in section 768.31, Florida Statutes (Uniform Contribution Among Tortfeasors Act). *Alder v Garcia,* 324 F.2d 483 (1963).

The assignability of a bad-faith claim provides no guidance to the

court. An assignment of an insured's bad-faith claim is distinguishable from an assignment of a right to contribution. The former involves an insurance contract, while the latter relates to a statutory equity provision. Different principles of law apply.

Furthermore, it affirmatively appears that the plaintiff, as part of the settlement with Drs. Diaco and Hochberg, released St. Joseph's, as well as Drs. Diaco and Hochberg, their "assigns and insurance carriers from any and all claims, demands, debts, damages, costs, attorney fees and expenses, actions and causes of action or suits of any kind or nature whatsoever, whether arising in law or in equity which she may have had, may now have, or may later have against them, by reason of any matter, cause, happening or thing occurring prior to, and up to and including the date of this release." The release is quite extensive. It obviously included St. Joseph's so that their liability for the underlying tort claim would be extinguished as required for entitlement to contribution. § 768.31(2)(d). However, the release does not exclude the assignment of the right of Drs. Diaco and Hochberg to contribution against St. Joseph's.

Accordingly, the release not only extinguished the liability of St. Joseph's for the underlying tort claim but also extinguished their potential liability to plaintiff as an assignee of the right to contribution. § 768.31(5)(b), Florida Statutes.

It is therefore, for the reasons above stated,

**ADJUDGED AND ORDERED** that Plaintiff's amended complaint be, and it is hereby dismissed, with prejudice.

**DONE AND ORDERED** in Chambers at Tampa, Hillsborough County, Florida this 25th day of July, 1990.