PER CURIAM.
This is an appeal from a summary final judgment.
For purposes of Quality’s summary judgment motion, the following facts were undisputed. Quality was the general contractor responsible for constructing an access ramp between the parking lot area and the northern entrance into Spring Hill Bowling Alley in Hernando County. As completed by Quality in about January 1989, the ramp had a raw, untreated concrete surface “which was swept/brushed to a rough texture prior to hardening.” Sometime between January 1989 and January 1991, Spring Hill Lanes, Inc. hired a second, related contractor to add a tiled surface to the ramp. On January 28, 1991, Alice Grassini was injured when she slipped and fell on the access ramp. In May 1992, INA, as Spring Hill Lanes, Inc.’s liability insurer, paid Mrs. Grassini $81,036 to settle her claim for damages against Spring Hill Lanes, Inc.
In February 1994, almost two years after settling Mrs. Grassini’s claim, INA filed a subrogation lawsuit against Quality, seeking to recover the $81,036 which INA paid to Mrs. Grassini on behalf of Spring Hill Lanes, Inc. In its second amended complaint, INA contended that Quality was liable for Mrs. Grassini’s damages in that Quality negligently constructed the access ramp by failing to include a non-skid surface on the floor of the ramp and handrails on both sides of the ramp (Count I); that, in constructing the access ramp, Quality failed to comply with applicable building codes (Count II); that Quality breached its implied warranty to construct the access ramp in a workmanlike manner (Count III); and that Quality failed to construct the access ramp in accordance with the agreement between Quality and Spring Hill Lanes, Inc. (Count IV).
In moving for summary judgment, Quality contended that INA’s action was barred by the one-year statute of limitations contained in section 768.31, Florida Statutes (1991), because INA’s action was one for contribution rather than subrogation. The trial court agreed and entered an order granting Quality’s motion for summary judgment. The trial court later entered a final judgment in favor of Quality and INA timely appealed.
As pertinent, section 768.31 bars a tortfeasor’s action for contribution unless the tortfeasor brings the action within one year after the tortfeasor pays the claimant for the claimant’s injury. See § 768.31(4)(d)l, Fla. *962 Stat. (1991). In this case, INA concedes that any action for contribution based on its payments to Mrs. Grassini would be barred by the one-year statute of limitations contained in section 768.31. INA contends, however, that its action against Quality is not time-barred because the action is one for equitable subrogation, not contribution. This argument is correct.
In order to state a cause of action for contribution, INA was required to plead or allege “common liability” on the part of both Quality and INA’s insured, Spring Hill Lanes, Inc. Department of Transp. v. V.E. Whitehurst & Sons, Inc., 636 So.2d 101 (Fla. 1st DCA), rev. den., 645 So.2d 456 (Fla.1994). A party seeking contribution “must plead and prove, among other necessary allegations, [its] own negligence and the negligence of the other tortfeasor.” West Am. Ins. Co. v. Yellow Cab Co. of Orlando, Inc., 495 So.2d 204, 206 (Fla. 5th DCA 1986), rev. den., 504 So.2d 769 (Fla.1987). Here, INA did not state a cause of action for contribution because it failed to allege common liability for Mrs. Grassini’s injury. Instead, INA’s second amended complaint alleged that Quality was liable for all of Mrs. Grassini’s damages because of Quality’s negligent construction of the access ramp. Based on this allegation, INA’s second amended complaint stated a cause of action for equitable subrogation rather than one for contribution. McKenzie Tank Lines, Inc. v. Empire Gas Corp., 538 So.2d 482 (Fla. 1st DCA), rev. den., 544 So.2d 200 (Fla.1989). See also Hornstein v. Guarantee Ins. Co., 471 So.2d 108 (Fla. 3d DCA 1985) (holding that, under theory of equitable subrogation, liability insurer of attorney who failed to discover tax liens on property was entitled to indemnification against seller for damages arising out of seller’s breach of warranty deed which insurer paid to buyer).
The remedy of contribution must fail when “the party against whom contribution is sought is found one hundred percent liable for tortious injuries.” McKenzie Tank Lines, Inc., 538 So.2d at 484. In that event, “payments made in settlement with injured parties by a non-liable codefendant in return for release of a responsible codefendant, are recoverable under the theory of indemnity or subrogation.” Id. Thus, if INA ultimately proves its claim that Quality is 100% liable for Mrs. Grassini’s injuries, INA will be entitled to indemnity or subrogation, not contribution. Inasmuch as the one-year statute of limitations contained in section 768.31 does not apply to equitable subrogation or indemnity actions, INA’s action against Quality is not time-barred. See Jones v. Williams Steel Indus., Inc., 460 So.2d 1004 (Fla. 5th DCA 1984) (holding that section 768.31’s one-year statute of limitations does not apply to subrogation actions), pet. for rev. den., 467 So.2d 1000 (Fla.1985); § 768.31(2)(f), Fla. Stat. (1991) (providing that statute “does not impair any right of indemnity under existing law”).
In addition to reversal, INA asks this court to remand to allow INA to specifically plead a claim for equitable subrogation. Although INA, by this request, appears to be acknowledging a possible deficiency in its pleadings, such deficiency is not fatal to INA’s appeal. INA’s second amended complaint clearly indicates that INA’s action against Quality is based on subrogation principles, and the only damages specifically sought by the complaint are the damages which INA paid to Mrs. Grassini. Further, what is important in this case is that INA’s complaint did not state a cause of action for contribution because it alleged that Quality was liable for all of Mrs. Grassini’s tortious injuries. See McKenzie Tank Lines, Inc., 538 So.2d at 484. The trial court, therefore, should not have applied the one-year statute of limitations for contribution claims.
Quality insists that INA’s action is one for contribution because the record contains evidence that Spring Hill Lanes, Inc. also was negligent in that it was responsible for adding the tiled surface on which Mrs. Grassini slipped. This argument is without merit. Although it was undisputed that Spring Hill Lanes, Inc. later hired a second contractor to add a tiled surface to the access ramp, this evidence was insufficient to establish the issues of (1) whether Spring Hill Lanes, Inc. was negligent in modifying the ramp by adding a tiled surface, (2) whether the tile contractor was negligent in laying the tiled surface, and (3) whether, and to what *963 degree, the tiled surface caused Mrs. Grassi-ni’s fall. Of course, if Quality ultimately proves at trial that Spring Hill Lanes, Inc. is partially liable for Mrs. Grassini’s damages, then INA’s claim will be limited to contribution and such claim will be time-barred. See McKenzie Tank Lines, Inc., 538 So.2d at 484-485; Williams Steel Indus., Inc., 460 So.2d at 1006; see also Atlantic Coast Dev. Corp. v. Napoleon Steel Contractors, 385 So.2d 676, 680-681 (Fla. 3d DCA 1980). Based on the current record, however, any liability on the part of Spring Hill Lanes, Inc. has not been established. Accordingly, summary judgment was improvidently entered by the trial court based on its premature conclusion that, as a matter of law, INA’s action against Quality was a contribution action.
REVERSED.
DAUKSCH, COBB and ANTOON, JJ., concur.