HOBSON, Justice.
This case is before us on a petition for certiorari to review two orders of the respondent Railroad and Public Utilities Commission in which the commission cancelled and reissued petitioners’ certificates of public convenience and necessity. The reissued certificates limit the domiciling of petitioners’ motor vehicle equipment to Jacksonville in the case of Delcher Brothers,, and to St. Petersburg in the case of Southern Transfer & Storage. The former certificates contained no such provisions.
Petitioners contend that this action of the commission is without statutory authority, in that Section 323.041(5), F.S.A. provides for the modification or restriction of certificates only at the time of transfer of the certificate, or at the time of the sale of the capital stock of a corporate certificate holder.
On February 25, 1959, we handed down our decision in Fogarty Brothers Transfer, Inc. v. Boyd, Fla., 109 So.2d 883, 888, which will be discussed more fully hereinafter. The petitioners in the instant proceeding were also parties to the Fogarty Brothers’' case. The Fogarty Brothers’ decision upheld the validity of the Railroad and Public-Utilities Commission’s Order Number 4241 and established that the commission may,, pursuant to its general powers, under Chap *594 ter 323, F.S.A., limit the equipment domiciling points of household goods carriers to the principal places of business of such carriers, unless on application by an interested carrier it could be shown that public convenience and necessity required the granting of additional domicile points.
It is the opinion of this court that the issue with which we are now faced was raised, litigated and put to rest by our decision in the Fogarty Brothers’ case, not only as a matter of judicial precedence, but as between the very parties to the instant proceeding.
Although petitioners make mention of the fact that no hearing was held prior to the cancellation and reissuance of their certificates, the lack of such hearing is not the ground upon which they base their prayer for relief. Their contention is that the commission has no power to modify their certificates except at the time of transfer thereof. The sole issue posed by petitioners in their brief is:
“Fias the Commission failed to proceed in accordance with, or departed from the essential requirements of law in restricting, amending or altering a certificate of public convenience & necessity where said certificate is not being originally issued in accordance with the provisions of § 323.03 F.S.A. or being transferred in accordance with the provisions of § 323.041 F.S.A.”
The identical issue was raised by these petitioners in the Fogarty Brothers’ case, as evidenced by the following language contained therein:
"Petitioners although recognizing that the granting of a certificate is a privilege and not a right, maintain that once a certificate is granted it may only be modified, changed or amended under specific provisions of the statute. They contend the statutes provide for such changes only in the cases of transfer or assignment (§ 323.041, F.S.A.), abandonment (§ 323.10, F.S. A.) and revocation (§ 323.09, F.S.A.). Since their certificates were not limited at the time of issue (an assertion unsupported by any evidence before this court), they cannot be limited retrospectively under the guise of rule-making. Even if we accept the petitioners’ contentions as correct, for the sake of argument, we are not convinced the disputed rules restrict their certificates.”
It is to be observed from the final sentence of the above quoted matter that the court did not undertake to rule specifically on the issue raised by petitioners. The reason that the court did not decide the issue is that it was unnecessary to do so in light of the further finding of the court that the designation of a particular domicile point did not infringe upon or affect any prior right possessed by the petitioners. This holding is made abundantly clear by the following language from the Fogarty Brothers’ case:
“It is our certain belief that the petitioners never had the right to domicile their equipment where they please, but were and still are limited to their original domicile or those granted subsequently by the Commission. The Commission has not taken any rights from the petitioners, for they have failed to show us that they ever were possessed of such rights.
******
“* * * This order does not take any certificated rights from the petitioners. The petitioners’ certificates are not impaired, revoked, restricted or otherwise altered. They can still transport household goods ‘to, from, and between all points and places in the State of Florida’. Said regulation merely forces upon the household goods carriers the duty to show public convenience and necessity when it desires to domicile its equipment at a new location. It is impossible to understand *595 how this impairs their existing rights.” (Italics supplied)
This holding was determinative of the equipment domiciling issue in the prior case, just as it completely disposes of the same issue raised herein.
The fact that the identical issue was raised in the prior proceeding between these same parties precludes the relitigation of that question, where we completely disposed of it by holding that the petitioners’ certificates were not altered or restricted to the impairment of any preexisting rights.
It was determined in Fogarty Brothers that the designation of domicile points did not infringe on the rights of petitioners. If there has been no labefaction of any rights possessed by them, how can they now have any conceivable standing to complain of the changes made in their certificates? It is clear that they have none. The cancellation and reissuance of the certificates were merely a legitimate implementation by the respondent commission of the decision in Fogarty Brothers, and as such is entitled to no further review by this court. Moreover, the commission did not err in making explicit that which was theretofore implicit.
It has been suggested that the commission erred in failing to hold additional hearings prior to revoking and reissuing the petitioners’ certificates. In answer to this suggestion it should first be noted that although petitioners make mention in their briefs of the fact that no hearing was held prior to the cancellation and reissuance of their certificates, the failure to hold such a hearing is not the basis on which they base their prayers for relief. Second, it should be recognized that under the rule of the Fogarty Brothers’ case there could only be two possible issues to be determined at a hearing before the commission: (1) Whether the amended certificates correctly designate the domicile points of petitioners as their principal places of business; and (2) whether public convenience and necessity requires the granting of additional domicile points.
The fallacy in directing the commission to hold a hearing on such matters is that first, the petitioners have not complained of failure to grant such a hearing, and second, there has never been any contention made by petitioners that the domicile points assigned to them by the commission are other than their principal places of business, or that public convenience and necessity requires the granting of additional domicile points. If public convenience and necessity requires the granting of additional domicile points there is a clearly recognized administrative avenue of relief open to petitioners. See Leonard Brothers Transfer and Storage Company v. Boyd, Fla., 104 So.2d 489, wherein this court delineated the procedure to be followed in such cases. In that case with reference to the removal of domiciling restrictions we held that a hearing was a necessary prerequisite. That decision is not, however, authority for requiring a hearing in the instant case where the issue is not the elimination of domiciling restrictions but the designation of particular domicile points.
For reasons stated herein it is evident that there is no merit in the petition for cer-tiorari. Accordingly the writ of certiorari heretofore granted should be and it hereby is dismissed.
It is so ordered.
TERRELL, THOMAS, THORNAL and O’CONNELL, JJ., concur.
ROBERTS, C. J., dissents with opinion.
DREW, J., dissents and agrees with ROBERTS, C. J.