PEARSON, Judge.
The plaintiff, Super Service Products Corporation, brings this appeal from a summary final judgment for the defendants, North Store Corporation and South Store Corporation. The issue presented is whether the appellant’s cause of action for damages for an alleged breach of an oral contract is barred by the defense of res ju-dicata. We hold that the action set forth in count one of appellant’s complaint is not so barred. We reverse the summary judgment as to count one but affirm the judgment as to counts two and three.
*666 Count one alleged the existence of an oral agreement to lease specific pieces of land to the appellant for use as filling station sites and sought damages for breach of an oral agreement to refund the cost of improvements made by the appellant in the event the lease did not become effective; count two sought damages for appellees’ refusal to execute a lease; and count three sought damages for tortious interference in the appellant’s business relationship with a prospective sublessee.
The appellees’ answer set forth the affirmative defense of res judicata, relying upon the final judgments in two previous suits between the parties. In the first suit, a landlord and tenant action brought by the appellees, the court found the appellant to be in wrongful possession of the appel-lees’ land and ordered that the appellant be evicted. In the second suit the appellant sought specific performance of an oral agreement to lease the previously mentioned land to the appellant. The court found that the parties had not created a binding contract and entered judgment for the appellees. None of the claims made by the appellant in the case before us were involved in the landlord and tenant action. The only issue in that action was which party had the right to possession of real property.
The specific performance action included the issue of damages for breach of the agreement to execute a lease. This is true because (1) “Every complaint shall be considered to pray for general relief.” (Rule 1.110(b), Florida Rules of Civil Procedure, 30 F.S.A. [formerly Rule 1.8(b)]); (2) the final judgment in the specific performance action affirmatively shows the court found no legally binding contract to lease ever came into being. The issue of damages for breach of the contract to lease was thereby determined adversely to the appellant, because there was no contract to be breached. The issue may not again be litigated between these parties. Delcher Bros. Storage Co. v. Carter, Fla.1961, 132 So.2d 593. Therefore the trial judge correctly entered a summary judgment for the appellees on count two. It follows that the summary judgment on count three was also properly entered. There was no tortious interference with the business relationship with the appellant, because there existed no lease which might have been sublet.
Appellant’s first count stands upon a different footing. It is based upon an alleged breach of an oral contract to reimburse appellant for improvements to the land if the lease was not made. If appellant can establish such a contract, it is entitled to damages for a breach, because the validity of that contract has not yet been determined by a court. The determination in the specific performance action that no binding contract to make a lease existed does not preclude the appellant from maintaining an action on count one, because the validity of the contract alleged in count one is not dependent upon the existence of a binding contract to make a lease. The question of the damages claimed in count one was neither presented nor answered in the specific performance action, because that action ended when the judge found that the parties had not entered into a binding agreement to make a lease. The objects of the doctrine of res judicata are material facts or questions in issue in a former action, not elements of damages. The fact that a particular element of damages might have been claimed under an action for the breach of one contract does not bar recovery of that same element under an action for breach of another contract which has not been the subject of litigation.
We therefore hold that the trial judge correctly entered summary judgment for appellees upon counts two and three of the complaint and affirm the judgment as to those counts. But the entry of summary judgment for appellees upon count one was incorrect. We reverse the judgment as to *667 count one and remand the cause for trial upon that count.
Affirmed in part, reversed in part, and remanded.