PER CURIAM.
Upon due consideration of the briefs and record in this consolidated appeal from a final judgment entered pursuant to a jury verdict in Case No. 75-1061 and an order granting summary final judgment in Case No. 75-1644, we are of the opinion that the order granting appellee, Advanced Lighting Products, Inc.’s motion for summary judgment based upon the doctrine of res judica-ta was error.
In appeal No. 75-1644, the appellant Lewis Quinn, who was the plaintiff below, filed an action against the appellee seeking damages predicated upon the theory of quantum meruit.[1] In appeal No. 75-1061, the appellee, who was the plaintiff below, filed an action seeking compensatory and punitive damages, injunctive relief and repayment of money allegedly loaned by ap-pellee to appellant. In that suit appellant counterclaimed alleging a breach of an oral contract. The jury found against the ap-pellee as to its damage claim and found against the appellant as to its counterclaim for contractural services. Although appellant contends that the trial court erred in not allowing proof of performance of an alleged oral contract or an amendment of the pleadings to allege a claim of recovery under the theory of quantum meruit, it is unnecessary to consider these contentions in light of our reversal in appeal # 75-1644. In this regard, based upon the facts and circumstances of these cases, the action seeking recovery on quantum meruit was not barred by the doctrine of res judicata. Although there is no Florida case directly on point, the following statement appears in 50 C.J.S. Judgments § 649, p. 92: *1215 See also, Universal Const. Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla.1953); Super Service Products Corp. v. North Store Corp., 214 So.2d 664 (Fla.3d DCA 1968).
*1214 “ . . . The general rule that a judgment for defendant will not bar a subsequent action by plaintiff based on a new and more correct theory applies where plaintiff, in an action to recover on an express contract for services to be rendered or goods to be furnished, has been defeated on the ground that the contract was invalid, or was not proved, or had not been fully performed, and he may thereafter sue on the theory of an implied contract or quantum meruit. However, a suit on such other theory may be barred where an express contract was shown, or where the ground of the prior decision was that no such services were rendered or goods furnished or that the services were performed so negligently as to be worthless. . . . ”
*1215 Accordingly, having found no other reversible error, the final judgment in appeal No. 75-1061 is affirmed and the order granting summary final judgment in Case No. 75-1644 is vacated and set aside and the cause remanded to the trial court for further proceedings consistent herewith.
MAGER, C. J., DOWNEY, J., and STEWART, JAMES R., Jr., Associate Judge, concur.

. The quantum meruit action was filed after the rendition of a jury verdict in the action alleging breach of oral contract.