513 So.2d 1110 (1987)
QUALITY TYPE & GRAPHICS, Appellant,
v.
Douglas M. GUETZLOE, Appellee.
No. 87-528.
District Court of Appeal of Florida, Fifth District.
October 15, 1987.
*1111 C.J. Cullom, Orlando, for appellant.
Thomas C. Feeney, III, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a quantum meruit case. The county court certified this question to us for response:
If a plaintiff fails to prevail in an initial trial, because it failed to prove an account stated and then at a subsequent trial, sues on the theory of quantum meruit, whether or not the subsequent suit is barred by the theory of splitting causes of action.
We affirm the judgment against the plaintiff. The trial court found, we believe properly, that the plaintiff is barred from recovery by the doctrine of res adjudicata.
... the doctrine res adjudicata means that the judgment of a court of competent jurisdiction directly rendered upon a particular issue, is conclusive as to the parties and the issue decided in the same or any other controversy.
Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948).
When a plaintiff sues a defendant it is incumbent upon him to correctly state his basis for relief and then adequately prove it. Plaintiff's failure to do either of these warrants a judgment against the plaintiff and for the defendant. If a plaintiff is unsure of the correct legal basis for relief he may plead in the alternative. That is, he may set out the facts of the occurrence or transaction and demand judgment in his favor on several bases, even mutually exclusive ones. For example, on account of a single transaction a plaintiff may sue to enforce a contract and also, in the same complaint, sue to recover damages alleging there was no contract. At the end of the case, at or before trial, he may be forced to make an election as to which theory he stands upon or, in some cases of alternative pleading, it is proper to submit the case to the jury or judge to decide on which basis, if any, he prevails.
However, it is an abuse of the legal process, and the defendant, to permit a plaintiff to sue on one legal theory and after losing because he cannot support his allegations to come back and allege the same occurrence or transaction and seek relief in a different legal theory.
This is not unjust, as the dissent claims, but may be unfair to the plaintiff who is owed money and is left empty-handed. The fault lies not in our justice system but in the failure of the plaintiff to properly use it.
AFFIRMED.
ORFINGER, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
Quality Type & Graphics, Inc. brought a suit to recover compensation for printing services performed against Douglas M. Guetzloe, based on a theory of account stated. Quality also pled a count in quantum meruit, but withdrew it prior to trial. The trial court found against Quality on the account stated theory. It found Quality failed to prove the amount owed on the account, which was "successfully rebutted" by Guetzloe. However, the trial court noted in a footnote in the final judgment that Quality "is not entirely without relief, since it may wish to sue on a different legal theory."
Two weeks later, Quality filed another suit based on quantum meruit, involving essentially the same printing services transaction. The trial judge ruled against Quality on the basis of res judicata, stating that were it not for the prior suit, Quality would be entitled to recovery. It certified to us the following question:[1]
If a Plaintiff fails to prevail in an initial trial, because it failed to prove an account *1112 stated and then at a subsequent trial, sues on the theory of quantum meruit, whether or not the subsequent suit is barred by the theory of splitting causes of action.
Quinn v. Advanced Lighting Products, Inc., 340 So.2d 1213 (Fla. 4th DCA 1976) involved a similar situation wherein Quinn sought recovery based on quantum meruit in a separate suit, after a jury had found against him in a counterclaim based on breach of oral contract. Citing to 50 C.J.S. Judgments § 649, p. 92, the appellate court held that recovery was not barred by the doctrine of res judicata where the factual basis on the quantum meruit claim was not adversely determined in the prior suit. Res judicata holds that whether or not the merits of a theory of recovery were actually tried, all theories of recovery are barred in a later suit if the parties and the underlying factual basis for the suits are the same. Restatement (Second) of Judgments ss 24, 25 (1982); 1 Am.Jur.2d Actions s. 59 (1977); Greenstein v. Greenbrook, Ltd., 443 So.2d 296 (Fla. 3d DCA 1983); Beck v. Pennsylvania National Mutual Casualty Insurance Co., 279 So.2d 377 (Fla. 3d DCA 1973). While Quinn may seem irreconcilable with this rule, there can be an exception where res judicata should not be applied in the interests of justice. Universal Const. Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla. 1953).
I think this is a case where res judicata should not be "blindly" applied to defeat Quality's meritorious claim against Guetzloe. As in Universal, the fair and proper administration of justice should be allowed to prevail over the application of "a fiction of law designed to terminate litigation." Universal, 68 So.2d at 369.[2] Here, as in that case, there is an indication in the record that the trial court contributed to appellant's misapprehension that it could file a second suit based on quantum meruit. Further, the record also indicates that Guetzloe rightfully owes Quality some funds for services performed by it. I would reverse.
NOTES
[1] Fla.R.App.P. 9.030(b)(4)(A).
[2] Similarly, the rule against splitting a cause of action should not "be declared rigid, inflexible, and inexorable when such declaration would in many instances, for the sake only of convenience to a putative wrongdoer, defeat the ends of justice." 1 Am.Jur.2d Actions, § 58 (1977).