Phyllis ZAGANO, Plaintiff,

v.

FORDHAM UNIVERSITY and George N. Gordon, Defendants.

NO. 84 Civ. 8706 (RO).

United States District Court, S.D. New York.

July 27, 1989.

Reid & Priest, New York City, for plaintiff; Harry A. Poth, Jr., of counsel.

Rogers & Wells, New York City, for defendants; Margaret Blair Soyster, Holly A. Cartner, of counsel.

## OPINION AND ORDER

OWEN, District Judge:

Dr. Zagano brought this action against Fordham University and others, claiming that Fordham discriminated against her in her academic employment on the basis of her sex and her religion, in violation of 42 U.S.C. § 2000e et seq. Five years after filing the complaint, on the day set for trial, Dr. Zagano moved for voluntary discontinuance without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2), giving as her reasons the advanced age and inexperience of her counsel, and her preference for informal, plaintiff-oriented state administrative proceedings, where the same claim has been pending for the same protracted period. After a hearing, at which the court noted ample evidence of vexatious, dilatory conduct by the plaintiff and no reasonable excuse for the failure to proceed, plaintiff's motion was denied. Instructed to proceed with the case, plaintiff's counsel informed the Court that he had no witnesses to call, that he could not then and would not ever be prepared to proceed to trial. After this "trial," Fordham moved for dismissal on the merits and with prejudice, pursuant to Fed.R.Civ.P. 41(b). By order dated March 16, 1989, the Court granted Fordham's motion for involuntary dismissal on the merits and with prejudice following the failure to make a case at the trial.

Fordham now seeks to enjoin Dr. Zagano from relitigating her claims before the New York State Division of Human Rights, at a hearing scheduled to take place, despite Fordham's attempt to assert the res judicata effect of this court's dismissal order, on August 1, 1989. In addition, Fordham moves for attorneys fees, under Rule 11, as a sanction for the belated voluntary dismissal motion, and for the overall unreasonable conduct of this case.

Under the circumstances, Fordham is entitled to an injunction against relitigation of these claims. Such an injunction is proper where, as here, it is necessary to protect the court's jurisdiction or to enforce its judgments. 28 U.S.C. § 1651. Where the injunction aims to prevent relitigation of issues barred by the doctrine of res judicata, it does not violate the anti-injunction statute, 28 U.S.C. § 2283. *Browning Debenture Holders' Committee v. DASA Corp., et al.,* 454 F.Supp. 88, 101 (S.D.N.Y.), *aff'd,* 605 F.2d

35 (2d Cir.1978). If "the federal litigation has been unusually burdensome or protracted ...," *id.*, further litigation may cause irreparable harm to the prevailing party, already denied long-awaited repose. *Id; BGW Associates, Inc. v. Valley Broadcasting Co.*, 532 F.Supp. 1115, 1117 (S.D.N.Y.1982); *see generally, Amalgamated Sugar Co. v. NL Industries, Inc.*, 825 F.2d 634, 639 (2d Cir.1987).

■ An injunction against further litigation of Dr. Zagano's claims is necessary to effectuate this court's March 16, 1989 order of dismissal on the merits and with prejudice. Fordham in the first instance properly addressed its res judicata defense to the State Division of Human Rights ("SDHR"), but, by letter dated June 8, 1989, the SDHR indicated that it would not rule on that defense until it had completed hearings and issued a proposed order. Fordham's experience with SDHR during the course of this litigation creates a reasonable basis for its fear that hearings will not be complete, and the case resolved, for quite some time.

■ Despite SDHR's apparent reluctance to recognize it, this court's order of dismissal clearly precludes further litigation of Dr. Zagano's claims. As stated at the hearing, the dismissal was "on the merits," based on plaintiff's failure to put on any case at the trial, for which defendants had gone through the trouble of preparing. *See Browning Debenture Holders'*, 454 F.Supp. at 98. The dismissal was a final adjudication, from which plaintiff could have appealed, and the parties and issues involved in the two cases are identical. *See Amalgamated Sugar Co.*, 825 F.2d at 639. Accordingly, there is no doubt that the order stands as a bar to further litigation of these claims in any other forum.

It is also clear that further delay in the resolution of this matter will cause Fordham irreparable harm, justifying an injunction. Dr. Zagano's various highly inflammatory letters to Fordham alumnae and friends demonstrate that the mere existence of any pending lawsuit gives her—as she sees it—the right to continue such communications. Having foregone the opportunity to fully air her grievances and establish her case, Dr. Zagano must realize that her claims are now completely extinguished. Accordingly, Fordham's motion for an injunction against relitigation of any or all issues involved in this case is granted.

■ Fordham also has moved for Rule 11 sanctions against both Dr. Zagano and her attorney in connection with the delay in making the voluntary dismissal motion. At status conferences held on January 13, 1989 and February 22, 1989, a March trial date was established, but plaintiff's counsel did not disclose his intention to discontinue the action. Not until March 6, 1989 did plaintiff's counsel state that he would not proceed to trial and move to voluntarily discontinue the action. The reasons given for the failure to proceed to trial—advanced age of counsel and preference for plaintiff-oriented state proceedings—could not have developed during this period prior to trial; since plaintiff's counsel must have known of these impediments from the start, he could have discontinued the suit at an earlier date. By the time plaintiff finally did move to discontinue, defendants' counsel had been forced, needlessly, to prepare for a full trial.

Such costly, burdensome and unnecessary continuations of litigation is sanctionable. *See, e.g., Jackson Marine Corp. v. Harvey Barge Repair, Inc.*, 794 F.2d 989 (5th Cir.1986); 704 F.2d 652, 656–60 (2d Cir.1983); *In re Olympia Brewing Co. Securities Litigation*, 613 F.Supp. 1286, 1305 (N.D.Ill.1985); *cf. Greenberg v. Hilton*, 870 F.2d 926, 938–39, *reh'g granted*, 875 F.2d 39 (2d Cir.1989) (sanctions appropriate for making of burdensome discovery request without expectation of further use). However, as unfortunate as I find the untimeliness of plaintiff's voluntary dismissal motion, in the exercise of my discretion I decline to impose sanctions on plaintiff's counsel. As I see it, counsel's conduct did not arise so much out of bad faith on his part as out of the intransigence and irrationality of his client. Accordingly, Fordham's Rule 11 motion is denied.