**Gautam SHARMA, Plaintiff,**

v.

**DURACELL, INC. and Bodian & Eames, Defendants.**

No. 91 Civ. 3013 (RO).

United States District Court, S.D. New York.

Oct. 30, 1991.

Gautam Sharma, pro se.

Bodian & Eames, New York City (David T. Eames, Susan Brom, of counsel), for defendants.

## OPINION AND ORDER

OWEN, District Judge:

This case began with an illegal scheme in which a company called Engineered Assemblies Corp. purchased from Duracell unpackaged batteries in bulk at substantially discounted prices on condition that these batteries not be resold. Plaintiff Gautam Sharma, with others, arranged to divert the batteries to two Singapore companies which packaged them in counterfeit Duracell packaging and then sold them illegally at retail in the United States. Duracell sued for trademark infringement, and obtained a default judgment against Sharma for failure to answer on January 17, 1991, *Duracell Inc. v. J & A Distribution, et al.*, 88 Civ. 7462 (RO), 1990 WL 319974.[1] Following entry of the default judgment, the matter was referred to Magistrate Buchwald for an inquest to determine damages. At that inquest, Sharma even acknowledged his participation in the counterfeiting scheme which resulted in damages to defendant Duracell of $1,049,800. Sharma sought the appointment of counsel to appeal the default judgment and to prosecute a potential claim against his co-defendants; I denied this application in a decision dated March 22, 1991. The Second Circuit rejected Sharma's claim that this court lacked personal jurisdiction over him and affirmed my damage award, in a summary order dated September 16, 1991.

Ever persistent, however, on February 13, 1991, Sharma filed his own *pro se* action against Duracell and Bodian & Eames, the law firm that had successfully litigated Duracell's trademark infringement claim against him, asserting damages for their alleged intentional infliction of mental distress and emotional injury upon him, together with fraud, deceit, and malicious abuse of process. The complaint asserts that defendants utilized the legal process to willfully harass him and to cause him personal injury, with the ultimate motive of extorting business information.

In an endorsed memorandum of May 30, 1991, I denied Sharma court-appointed counsel to prosecute this claim. At that time, I concluded that any further review or appeal of the award would be meritless and frivolous. As I noted in that order, Sharma "made these same allegations of fraud and abuse of process in Duracell's lawsuit against him. They failed to convince then, and fail to do so now."

Defendants now move to dismiss Sharma's complaint pursuant to Rule 12(b)(6) and Rule 9(b), and move for a permanent injuction restraining Sharma from filing further actions regarding this matter. They also move for sanctions against Sharma. Duracell represents that Sharma has sent defamatory correspondence to, *inter alia*, government officials, administrative agencies and newspapers, and that absent injunctive relief against Sharma, Duracell will be irreparably injured by Sharma's repeated filing of spurious actions.

The claims Sharma makes in the instant case are the same claims previously adjudicated against him. The doctrines of res judicata and collateral estoppel bar Sharma from continuing to relitigate these claims and issues. His claims for fraud, abuse of process and for intentional infliction of emotional distress also fail to state a cause of action. He fails to meet any particularity requirements for pleading fraud, *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990); the complaint alleges no facts, material or otherwise, that defendants mis-

---

1. Sharma had disregarded the complaint duly served on him, and perjured himself at the hearing to set the default aside. His motion to that end was denied.

represented, and he pleads no reliance or any facts that would indicate reliance on any representations by defendants. He cannot raise a claim for severe emotional distress predicated on an infringement action already successfully litigated against him. I therefore dismiss his complaint with prejudice.

I also grant defendants' request for an injunction against Sharma. An injunction is proper where it is necessary to effectuate a judgment entered by the court, and where the purpose of the injunction is to prevent relitigation of issues barred by res judicata. *Zagano v. Fordham Univ.*, 720 F.Supp. 266, 267 (S.D.N.Y.1989), *aff'd* 900 F.2d 12 (1990), *cert. denied* — U.S. ——, 111 S.Ct. 255, 112 L.Ed.2d 213 (1991). In this instance, Sharma has publicly and widely distributed defamatory correspondence repeating his allegations, intending to cause harm to defendants' reputations. Sharma is therefore enjoined from filing any further action or actions in this court against defendants arising from or having their genesis in the basic fact situation litigated and determined in this court in *Duracell, Inc. v. J & A Distribution*, 88 Civ. 7462(RO). Should a showing be made that Sharma has violated this order, a defendant or defendants may apply to this court for a finding of criminal contempt against him.

So ordered.