**John J. HENEY, Shore & Country Properties, Inc., Continent Realty, Inc. and S.D. Lance, Inc., Plaintiffs,**

v.

**The WINDSOR CORPORATION, a California corporation, Defendant.**

**No. 90–1085–CIV–T–D.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 13, 1991.

Jefferson F. Riddell, Jefferson F. Riddell, P.A., Sarasota, Fla., for plaintiffs.

V. James Dickson, Robbins, Gaynor & Bronstein, P.A., St. Petersburg, Fla., for defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for summary judgment and Plaintiffs' response thereto.

**FACTUAL SUMMARY**

1. As of March, 1987, Defendant was the general partner in a partnership which owned a mobile home park in Cocoa, Florida. On March 18, 1987, Defendant mailed out brochures describing the property and announcing that it was for sale. Each Plaintiff is a real estate broker or brokerage who received one such brochure. The brochure invited bids on the property, naming a price of $2.4 million.

2. The brochure contained a note to brokers suggesting that they should register their clients in writing with Defendant to protect their position. The brochure suggested that a commission upon sale would be divided as follows: 3% to the seller broker and 3% to Defendant as the listing broker.

3. The brochure stated that the property could be withdrawn from the market without notice, and that no agency relationship was implied by reason of the presentation.

4. Plaintiffs, as the joint representatives of a prospective purchaser, Benedict J. Fillichio, submitted an offer to purchase the mobile home park on his behalf in April 1987. The offer was for $2.15 million, and was submitted in the form of a detailed contract containing several contingencies and warranty requirements. The offer

was to expire "unless accepted in writing on or before Friday, May 8, 1986 [sic]."

5. Defendant did not accept this offer in writing. The offer was raised to the asking price of $2.4 million on April 30, but still contained contingencies and conditions. In May 1987, Defendant removed the property from the market, allegedly to reassess the property's value.

6. In August 1987, Defendant sold the property to the parents of Fillichio for $2.6 million. The purchasers were represented by a different broker, who was paid the commission by Defendant. Plaintiffs were neither notified of the purchase, nor paid by Defendants. Plaintiffs were not involved in consummating the sale.

7. On January 25, 1989, Plaintiffs John J. Heney and Shore & Country Properties, Inc. brought suit in the state circuit court in Sarasota County, Florida, requesting damages and declaratory relief that Defendants had breached a contract by failing to pay them the $72,000 commission (Case No. 89–552–CA–01). The Florida Circuit Court in this case issued an order finding that no such contract existed and granting the Defendant summary judgment (Order dated 8–4–89, 12th Judicial Circuit of Fla.). The judgment was upheld on appeal to Florida's Second District Court of Appeal.

8. On July 19, 1990, Plaintiffs filed this action in state court, listing seven counts based on the alleged failure of Defendant to pay a brokerage commission on the sale of real estate. The case was removed by Defendants to this Court on the basis of diversity. Defendant then filed a motion for summary judgment, alleging that the claim was res judicata due to the prior state court proceeding. Plaintiffs have decided not to contest the entry of adverse judgment on five of the seven counts.

9. The two remaining counts are Count V: an action in negligence against Defendant for failing to properly track its records and recognize that the purchaser of the real property in question had been introduced by the Plaintiffs to Defendant's listing; and Count VII: an action for Breach of an Agreement to Protect any broker who produced a willing buyer for the property listed by Defendant, as evidenced in the sales brochure sent out by Defendant. It remains for this Court to decide whether these counts are barred by res judicata based on the previous suit in state court.

## DISCUSSION

Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact, viewing all the evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 656 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir. 1979). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. The Court also said, "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. This Court is satisfied that no factual dispute remains which precludes summary judgment.

"Where the first suit is brought in state court and the second suit is brought in federal court based on diversity, state law of res judicata is to be applied." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758

F.2d 1486, 1509 (11th Cir.1985), *cert. denied*, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986); *see also Aerojet–General Corp. v. Askew*, 511 F.2d 710, 718 n. 9 (5th Cir.), *cert. denied sub nom Metropolitan Dade County v. Aerojet–General Corp.*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). Under Florida law, res judicata bars subsequent litigation where there is: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the actions; and 4) identity of the quality or capacity of the person for or against whom the claim is made. *Amey*, 758 F.2d at 1509 (*citing Stevens v. Len–Hal Realty, Inc.*, 403 So.2d 507, 508 (Fla. 4th DCA 1981); *Seaboard Coastline Railroad v. Industrial Contracting Co.*, 260 So.2d 860 (Fla. 4th DCA 1972)).

In addition to these four criteria, it is also required that the original claim be disposed of on the merits. *Florida Patient's Compensation Fund v. St. Paul Fire and Marine Ins. Co.*, 535 So.2d 335, 336 (Fla. 4th DCA 1988) (*citing Kent v. Sutker*, 40 So.2d 145 (Fla.1949)). It is this Court's determination that each of these requirements is met by the previous action in state court, and that Plaintiffs' claim is barred by res judicata.

### A. *Identity of Thing Sued For*

Plaintiffs sought the same relief in both the state court action and this case—damages. Although referred to as a commission for the sale of property in the previous suit and damages for tort and breach of agreement in this action, the thing sued for is the same. *See Valdes v. Ruas*, 354 So.2d 1269 (Fla. 3d DCA 1978).

### B. *Identity of Parties*

The previous state court action named only Heney and Shore & Country Properties, Inc. as Plaintiffs. In the action before this Court, two other Plaintiffs are named: Continent Realty, Inc. and S.D. Lance, Inc. As observed by the court in *Kline v. Heyman*, 309 So.2d 242 (Fla. 2d DCA), *cert. denied*, 317 So.2d 767 (Fla.), 423 U.S. 1034, 96 S.Ct. 567, 46 L.Ed.2d 408 (U.S.1975):

It is well settled that even though a party in a subsequent suit was not a named party in a prior suit, such party is bound by the prior judgment if he participated in the first proceeding or was represented by a party to that proceeding.

*Id.* at 244.

In order to locate a buyer for the listed property, Heney, through his corporate entity Shore & Country, sought the assistance of S.D. Lance, Inc., which in turn sought the assistance of Continent Realty, Inc. Thus, the Plaintiffs are in privity, and Heney represented the interest of the two additional parties in the prior court action.

### C. *Identity of Cause of Action*

In Florida courts, "the determining factor in deciding whether a cause of action is the same, for purposes of applying res judicata, is whether the facts or evidence necessary to maintain a suit are the same in both actions. *Albrecht v. State*, 444 So.2d 8, 12 (Fla.1984); *Gordon v. Gordon*, 59 So.2d 40 (Fla.), *cert. denied*, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); *Hay v. Salisbury*, 92 Fla. 446, 454, 109 So. 617, 621 (Fla.1926); *Smith v. Fla. East Coast Railway Co.*, 151 So.2d 70, 72 (Fla. 3d DCA 1963).

The prior state court action alleged a listing or contractual agreement between Plaintiffs and Defendants. The evidence necessary to support this claim included the brochure distributed by Defendants, the contractual offer by Fillichio, and a letter by Plaintiff Heney to Defendants giving notice that Fillichio was represented by Plaintiffs and demanding the payment of the commission. The evidence necessary to prove the negligence and breach of agreement to protect claims in the instant case is the same as the evidence in the previous action. The brochure contains the alleged "promise" by Defendants to protect a broker who registers a client. Plaintiffs' claim of negligence is based on this "promise." The purchase contract originally tendered by Plaintiffs for Fillichio is said to be the acceptance of this promise, creating the Agreement to Protect which is alleged to have been breached by Defendants.

Because the same evidence supports both the contractual claim and the two counts before this Court, the causes of action are identical. "One cannot revisit the same transaction or occurrence, already adjudicated between the same parties, by resort to a new legal theory in a separate lawsuit. To do so, is an impermissible splitting of causes of action." *Florida Patient's Compensation Fund v. St. Paul Fire and Marine Ins. Co.*, 535 So.2d 335, 338 (Fla. 4th DCA 1988), *decision approved*, 559 So.2d 195 (Fla.1990). As Florida's Fifth District Court of Appeal noted in *Quality Type & Graphics v. Guetzloe*, 513 So.2d 1110 (Fla. 5th DCA 1987), the Plaintiffs should have pled alternatively in their initial action. "[I]t is an abuse of the legal process ... to permit a plaintiff to sue on one legal theory and after losing because he cannot support his allegations to come back and allege the same occurrence or transaction and seek relief in a different legal theory." *Id.* at 1111. "From one episode or transaction one cause of action emerges, though different theories of liability may exist." *Signo v. Florida Farm Bureau Cas. Ins. Co.*, 454 So.2d 3, 5 (Fla. 4th DCA 1984).

### D. *Identity of Capacity of Parties*

In both lawsuits, Plaintiffs sued in their alleged capacity as selling brokers, and Defendant was sued in its capacity as listing broker. Thus, this requirement of res judicata is met.

### E. *Decision on the Merits*

The Florida court decision was made upon Defendant's motion for summary judgment, which suggested that no contractual liability existed. The decision was not predicated on a technical or procedural ground, but reflected a consideration of the merits. Thus, the summary judgment constitutes a decision on the merits. *See 1825 Collins Ave. Corp. v. Rudnick*, 67 So.2d 424 (Fla.1953); *Jones v. State Farm Mutual Auto. Ins. Co.*, 578 So.2d 783 (Fla. 1st DCA 1991); *C.A. Hansen Corp. v. Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane*, 565 So.2d 812 (Fla. 3d DCA 1990), *review denied*, 576 So.2d 294 (Fla.1991).

In sum, it should be noted that Florida's doctrine of res judicata precludes litigation of issues tried in a prior suit and also those issues which could have been litigated. *Signo*, 454 So.2d at 5. The judgment in the first suit is conclusive, not only as to every question decided, but as to every other matter which parties might have litigated which are connected with the subject matter of the litigation. *Hay*, 92 Fla. at 454, 109 So. at 621. As the U.S. Supreme Court noted in *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319–20, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927),

> [T]he judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented.... "A party ... is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible."

*Id.* (*quoting Stark v. Starr*, 4 Otto 477, 94 U.S. 477, 24 L.Ed. 276 (1876)).

This Court agrees with the Eleventh Circuit's observation in *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499 (11th Cir.1984), *cert. denied* 469 U.S. 1191, 105 S.Ct. 966, 83 L.Ed.2d 970 (1985):

> [R]es judicata serves a very important role in the judicial process.... By declaring an end to litigation, the doctrine adds certainty and stability to social institutions. This certainty in turn generates public respect for the courts. By preventing relitigation of issues, res judicata conserves judicial time and resources. It also supports several private interests, including avoidance of substantial litigation expenses, protection from harassment or coercion by lawsuit, and

avoidance of conflicting rights and duties from inconsistent judgments.

*Id.* at 1503 (*citing Southwest Airlines Co. v. Texas Int'l Airlines,* 546 F.2d 84, 94 (5th Cir.), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977)). Plaintiffs' claim in this suit is barred by res judicata due to its similarity to the prior state court action. Accordingly, it is

ORDERED that the Defendant's Motion for Summary Judgment is hereby GRANTED. The Clerk of the Court is directed to enter judgment in accordance with this Order.

DONE and ORDERED.