Isabel **DEL PINO**, Plaintiff,

v.

**AT & T INFORMATION SYSTEMS, INC., Defendant.**

No. 89–579–CIV.

United States District Court,
S.D. Florida.

Jan. 3, 1996.

Michael W. Casey, III, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, FL, for AT & T Information Systems, Inc.

William Candela, Dade County Attorney's Office, Miami, FL, for Dade County.

*ORDER GRANTING DEFENDANT'S MOTION FOR INJUNCTION TO ENFORCE FINAL JUDGMENT*

HIGHSMITH, District Judge.

THIS CAUSE is before the Court upon the Report and Recommendation issued by Magistrate Judge Linnea R. Johnson on December 8, 1995, regarding Defendant AT & T Information Systems, Inc.'s motion for injunction to enforce final judgment. Upon an independent review of the file, including consideration of the plaintiff's objections and the defendant's response to said objections, it is hereby

ORDERED AND ADJUDGED as follows:

(1) Defendant AT & T Information Systems, Inc.'s motion for injunction to enforce final judgment is GRANTED.

(2) The Court hereby ADOPTS the findings of fact and conclusions of law contained in the Magistrate Judge's Report and Recommendation.

(3) Plaintiff Isabel Del Pino and anyone acting on her behalf, are hereby PERMANENTLY ENJOINED from proceeding in the administrative matter captioned *Isabel Del Pino and AT & T Information Systems, Inc.*, DCEOB Charge No. 89–1209141 and EEOC Charge No. 150–89–0434, before the Dade County Equal Opportunity Board, or in any other administrative actions or lawsuits which encroach upon this Order, the Final Judgment, other orders issued by this Court, or the Court's jurisdiction, in the above-styled case.

(4) All representatives of the Dade County Equal Opportunity Board, as well as any one acting on their behalf are hereby PERMANENTLY ENJOINED from proceeding in the administrative matter captioned *Isabel Del Pino and AT & T Information Systems, Inc.*, DCEOB Charge No. 89–1209141 and EEOC Charge No. 150–89–0434, and from otherwise interfering with the jurisdiction of this Court in the above-styled case.

(5) Within thirty days of the date of this Order, the Dade County Equal Opportunity Board shall enter an order dismissing the administrative matter captioned *Isabel Del Pino and AT & T Information Systems, Inc.*, DCEOB Charge No. 89–1209141 and EEOC Charge No. 150–89–0434, with prejudice, based on the res judicata effect of this Court's Final Judgment in the above-styled case.

DONE AND ORDERED.

### *REPORT AND RECOMMENDATION REGARDING PERMANENT INJUNCTION*

JOHNSON, United States Magistrate Judge.

THIS CAUSE is before the undersigned Magistrate Judge on Defendant's Motion for Injunction to Enforce Final Judgment [Docket No. 93]. On June 8, 1990, this Court, through the late Honorable Eugene Spellman, entered Final Judgment in favor of Defendant as to all of Plaintiff's claims against Defendant. [Docket No. 78] The question presented here is whether, based upon that Final Judgment, Florida's doctrine of res judicata bars Plaintiff's pending administrative claim before the Dade County Equal Opportunity Board ("EOB") in the matter styled *Isabel Del Pino and AT & T Information Systems, Inc.*, DCEOB Charge No. 89–1209141 and EEOC Charge No. 150–89–0434; and thereby warrants a permanent injunction from this Court under the All-Writs Act, 28 U.S.C. § 1651, to protect and effectuate this Court's Final Judgment.

The Court entered an Order Granting Temporary Injunction and Prescribing Briefing Schedule [Docket No. 105] on October 16, 1995. That Order was based upon the Court's review of the record in this matter and the Report and Recommendation [Docket No. 104] entered by the undersigned Magistrate Judge on October 2, 1995, which Report and Recommendation was entered following a hearing before the undersigned Magistrate Judge on September 28, 1995. The undersigned conducted a second hearing in this matter on December 5, 1995. The following findings of fact and conclusions of law are based upon the record in this case including the memoranda, evidence and arguments submitted to the Court by the parties. The undersigned recommends entry of a permanent injunction against Plaintiff and the Dade County EOB.

### *FINDINGS OF FACT*

Defendant terminated Plaintiff's employment in November of 1988. Plaintiff filed a charge of employment discrimination under Title VII of the Civil Rights Act of 1964 with the Equal Employment Opportunity Commission based upon her termination and the alleged denial of tuition reimbursement. Through a work-sharing agreement, the EEOC deferred the investigation of Plaintiff's Title VII discrimination charge to the Dade County Equal Opportunity Board. Plaintiff, through her attorney, also filed suit in Dade County Circuit Court in February of

1989 alleging wrongful termination of employment, breach of contract, fraud, and failure to reimburse for tuition expenses. Defendant removed the action to this Court based on diversity jurisdiction.

On June 1, 1989 Plaintiff moved to voluntarily dismiss her Amended Complaint without prejudice or to abate the action pending the results of the investigation of her discrimination charges with the Dade County EOB. The Court granted Plaintiff's request to dismiss her lawsuit without prejudice. However, Plaintiff apparently changed her mind, and asked the Court to reinstate her lawsuit. Plaintiff also continued to pursue her administrative claims before the Board. Plaintiff has acknowledged that she was repeatedly urged by Defendant's counsel to merge all of her claims before this Court.

Defendant filed a motion for summary judgment as to all of Plaintiff's claims in this Court. The undersigned Magistrate Judge issued a report recommending that Defendant's motion for summary judgment be granted. United States District Court Judge Eugene Spellman accepted the Report and Recommendation and entered Final Judgment on the merits against Plaintiff as to all of the counts in her lawsuit. *Del Pino v. AT & T*, 5 Indiv.Empl.R.Cas. (BNA) 969, 1990 WL 208694 (S.D.Fla.1990). Judge Spellman entered a Final Judgment dated June 8, 1990. Plaintiff did not appeal the Court's Final Judgment.

Defendant notified the Dade County EOB of the Court's final judgment and asserted the res judicata defense in that proceeding. Nevertheless, the Dade County EOB's Director entered a "No Cause" determination as to the merits of Plaintiff's discrimination claim before that agency on May 19, 1993. In addition to that "No Cause" finding, the Dade County EOB's investigative report stated that the Dade County EOB's legal counsel from the Dade County Attorney's Office had rendered a legal opinion that Florida's doctrine of res judicata barred further proceedings before the Dade County EOB regarding her discrimination charge. Plaintiff appealed the "No Cause" determination, thereby requesting a hearing before the Dade County EOB regarding the merits of her discrimination charge.

Defendant filed a motion to dismiss that appeal based on the doctrine of res judicata. At a hearing before the Dade County EOB in June of 1994, after receiving advice from the Dade County EOB's legal counsel from the Dade County Attorney's Office that the doctrine of res judicata barred Plaintiff's claims, the Dade County EOB's Chairperson granted Defendant's motion to dismiss Plaintiff's appeal. However, in February of 1995, the Dade County EOB refused to adopt that earlier order dismissing the appeal, notwithstanding another legal opinion from the Dade County EOB's counsel, and notwithstanding similar legal opinions by both of the Dade County EOB members (who sat as part of that quorum and also were attorneys), that res judicata barred further proceedings of Plaintiff's discrimination charge. The Dade County EOB later refused to consider a motion for reconsideration filed by Defendant in April of 1995.

The Dade County EOB scheduled a hearing on the merits of Plaintiff's discrimination charge for October 5, 1995. On September 14, 1995, Defendant filed its Motion for Injunction to Enforce Final Judgment [Docket No. 93] along with a supporting Memorandum of Law [Docket No. 96], a Statement of Undisputed Facts [Docket No. 95], and an Appendix [Docket No. 96] of documents and pleadings from this Court's file and from the record of proceedings before the Dade County EOB.

The Court referred Defendant's Motion for Injunction to Enforce Final Judgment to the undersigned Magistrate Judge who held a hearing on September 28, 1995 to examine the merits of Defendant's request for injunctive relief before the Dade County EOB hearing that was scheduled for October 5, 1995. Plaintiff appeared pro se at the September 28th hearing. Defendant and the Dade County EOB and Metropolitan Dade County were represented by their respective legal counsel. Counsel for the Dade County EOB stated that the Dade County EOB and the County viewed this as a private dispute between Plaintiff and Defendant. Accordingly, the Dade County EOB's counsel took

no position as to Defendant's request for injunctive relief. (As noted above, the attorney for the Dade County EOB had previously advised the Dade County EOB that res judicata did bar the Dade County EOB from considering Plaintiff's charges on their merits.)

Following that hearing, the undersigned Magistrate Judge entered a Report and Recommendation [Docket No. 104] recommending entry of a temporary injunction against Plaintiff and the Dade County EOB. The Court entered an Order granting the preliminary injunction for a forty-five (45) day period and therein also prescribed a briefing schedule which allowed Plaintiff through October 31, 1995 to file responses to Defendant's request for relief. Plaintiff filed a motion to rescind the temporary injunction along with a memorandum of law. [Docket Nos. 106 and 107] Defendant filed a supplemental motion and memorandum of law, renewing its request for entry of a permanent injunction. The undersigned denied Plaintiff's motion to rescind and scheduled a hearing for December 5, 1995 to hear argument regarding entry of a permanent injunction. [Docket Nos. 108 and 109]

## LEGAL ANALYSIS

Under the All–Writs Act, 28 U.S.C. § 1651, this Court has the power to enjoin Plaintiff and the Dade County EOB from relitigating claims that were or could have been decided by this Court in order to protect and effectuate this Court's Final Judgment. *Kelly v. Merrill Lynch, Pierce, Fenner & Smith,* 985 F.2d 1067, 1069 (11th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993). Although district courts have been cautioned to be hesitant in enjoining state litigation, the decision as to whether to take such action remains one of discretion for the district court. *Wesch v. Folsom,* 6 F.3d 1465, 1469 (11th Cir.1993).

In this case, as described below, Defendant has conclusively established that it is entitled to injunctive relief against Plaintiff and the Dade County EOB. Thus, the undersigned hereby recommends that a permanent injunction be issued against Plaintiff and the

Dade County EOB: (1) barring *any* further actions in the pending administrative proceeding or in any other forum; and (2) ordering the Dade County EOB to dismiss Plaintiff's charges, based on the doctrine of res judicata.

In order to obtain a preliminary injunction, the moving party must conclusively establish the following elements: (1) A substantial likelihood that the movant will ultimately prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunctive relief is not granted; (3) the threatened injury to the movant outweighs the threatened harm injunctive relief may cause to the opposing party; and (4) issuance of the injunction would not be adverse to the public interest. *Panama City Medical Diagnostic Ltd. v. Williams,* 13 F.3d 1541, 1545 (11th Cir. 1994); *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1561–62 (11th Cir.1989), *aff'd,* 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.,* 697 F.2d 1352, 1354 (11th Cir.1983).

The standard for entry of a permanent injunction is essentially the same as a preliminary injunction except that the moving party must show actual success on the merits rather than a likelihood of success. *Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 1404 n. 12, 94 L.Ed.2d 542 (1987). The issuance or denial of injunctive relief is within the sound discretion of the District Court and will not be reversed absent abuse of that discretion. *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d at 1561.

Applying the above criteria to the facts of this case, this Court finds that Defendant has clearly carried its burden of persuasion on all elements. As for the first element, the undersigned finds that Defendant has established that the application of the doctrine of res judicata bars any further litigation of Plaintiff's charge of discrimination or any other employment-related claims against Defendant before the Dade County EOB or any other forum. *Albrecht v. State,* 444 So.2d 8, 11–12 (Fla.1984) ("The general principle be-

hind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as every actually litigated, issue."); *Diaz v. Moore,* 861 F.Supp. 1041, 1046 (N.D.Fla.1994); *Heney v. Windsor Corp.,* 777 F.Supp. 1575, 1576–1578 (M.D.Fla. 1991); *Maison Grande Condominium Assoc. v. Dorten,* 621 So.2d 762, 764 (Fla. 3d DCA 1993).

In addition, Defendant has shown that legal counsel for the Dade County EOB (i.e., the Dade County Attorney) has repeatedly rendered legal opinions to the Dade County EOB that Florida's doctrine of res judicata bars further proceedings of Plaintiff's claims before the Dade County EOB. Accordingly, the undersigned finds that based upon the doctrine of res judicata an injunction against further litigation of Plaintiff's claims before the Dade County EOB is necessary to protect and effectuate this Court's June 8, 1990 Final Judgment pursuant to the All–Writs Act, 28 U.S.C. § 1651. *Kelly v. Merrill Lynch, Pierce, Fenner & Smith,* 985 F.2d 1067, 1069 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993); *Wesch v. Folsom,* 6 F.3d 1465, 1469 (11th Cir.1993); *see also Zagano v. Fordham University,* 720 F.Supp. 266, 268 (S.D.N.Y. 1989).

■ Second, Defendant has established the requisite irreparable harm in that when "the federal litigation [was] unusually burdensome or protracted . . . further litigation may cause irreparable harm to the prevailing party, already denied long awaited repose." *Zagano v. Fordham University,* 720 F.Supp. 266, 268 (S.D.N.Y.1989) (quoting *Browning Debenture Holder's Committee v. DASA Corp., et al.,* 454 F.Supp. 88, 101 (S.D.N.Y.), *aff'd,* 605 F.2d 35 (2d Cir.1978)); *see also BGW Associates, Inc. v. Valley Broadcasting Co.,* 532 F.Supp. 1115, 1117 (S.D.N.Y.1982). Accordingly, the undersigned finds that injunctive relief is justified because further delay in the resolution of this matter clearly has caused and will continue to cause irreparable harm to Defendant. *Zagano,* 720 F.Supp. at 268.

In addition, the passage of time from Plaintiff's termination in 1988 to the present will result in further irreparable harm to Defendant. Several key witnesses would have to travel great distances at an additional expense over and above the already significant and duplicative legal fees that will be required to defend AT & T at additional hearings before the Dade County EOB for a claim that Plaintiff should have brought within her lawsuit before this Court. Moreover, the lengthy delay has undoubtedly dulled the memories of Defendant's key witnesses, thereby causing additional irreparable harm or prejudice to Defendant. *See, e.g., Boone v. Mechanical Spec. Co.,* 609 F.2d 956, 959 (9th Cir.1979).

■ Third, the undersigned also finds that the threatened injury to Defendant outweighs the possible damage to Plaintiff if an injunction is entered. Under the balancing test to be taken when determining whether to grant or deny a request for injunctive relief, the undersigned has weighed the hardship that will be sustained by Defendant if the injunction is not granted against the hardship that may be suffered by the Plaintiff if the injunction is granted. *See Panama City Diagnostic Ltd.,* 13 F.3d at 1545. In this regard, Defendant has clearly established that Plaintiff has had her day in Court regarding any claim(s) arising out of her employment with, and her termination by, Defendant. The doctrine of res judicata precludes claim-splitting and protects litigants from vexatious relitigation of claims that could have been brought together with other claims that arose from the same facts and circumstances. *See, e.g., New River Yachting Center v. Bacchiocchi,* 407 So.2d 607, 609 (Fla. 4th DCA 1981) ("Once a party had an opportunity to litigate a matter in an action in a court of competent jurisdiction, [s]he should not be permitted to litigate it again to the harassment and vexation of [her] opponent."); *Heney v. Windsor Corp.,* 777 F.Supp. 1575, 1576–1578 (M.D.Fla.1991). Accordingly, the undersigned finds that the balance of the hardships in this case is clearly tipped in favor of entering a permanent injunction against further relitigation of claims by Ms. Del Pino that are barred by res judicata based upon this Court's Final Judgment.

Finally, in deciding whether to issue injunctive relief, the Court must make a determination as to what degree the public interest will be served or disserved if the injunction is issued. *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d at 1562. The undersigned finds that this dispute involves a question as to the application of settled principles of law between private litigants. In so ruling, the Court notes that the Dade County EOB expressly took no position as to Defendant's request for injunctive relief because the Dade County EOB viewed this matter as a private dispute between the parties. Accordingly, based upon the clear showing presented by Defendant to the Court, the undersigned has concluded that entry of a permanent injunction will not be adverse to the public interest.

In accordance with the above and foregoing, it is hereby

RECOMMENDED that Defendant's request for a permanent injunction be GRANTED. Accordingly, the undersigned recommends entry of the following order:

1. That henceforth Plaintiff Isabel Del Pino and anyone acting on her behalf are permanently enjoined from proceeding in the administrative matter captioned *Isabel Del Pino and AT & T Information Systems, Inc.,* DCEOB Charge No. 89–1209141 and EEOC Charge No. 150–89–0434, with the Dade County EOB, or any other administrative proceedings, appeals or lawsuits which encroach upon this Order and/or the jurisdiction of this Court.

2. That all representatives of the Dade County EOB as well as anyone acting on their behalf are permanently enjoined from proceeding in the administrative matter captioned *Isabel Del Pino and AT & T Information Systems, Inc.,* DCEOB Charge No. 89–1209141 and EEOC Charge No. 150–89–0434 and from otherwise interfering with the jurisdiction of this Court in the case of *Isabel Del Pino v. AT & T Information Systems, Inc.,* Case No. 89–0579–Civ–Highsmith.

3. That the Dade County EOB is hereby ordered to enter an order dismissing Plaintiff's charges of discrimination against Defendant (DCEOB Charge No. 89–1209141 and EEOC Charge No. 150–89–0434), with prejudice based on the doctrine of res judicata.

The parties have <u>ten (10) days</u> from the date of this Order within which to serve and file written objections, if any, with the Honorable Shelby Highsmith, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger,* 847 F.2d 745 (11th Cir. 1988), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir.1993).

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 8 day of Dec., 1995.